UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CASE NO. 303CV0161-SRU

| | |
|---|---|
| MICHAEL R. BLEZARD,<br>　　　Plaintiff<br>v.<br><br>THEMISTOS & DANE, P.C.,<br>　　　Defendant/Plaintiff in<br>　　　Counterclaim<br>and<br><br>THEMISTOS & DANE, P.C.,<br>　　　Plaintiff in Counterclaim<br>v.<br><br>PUE, LEIBOWITZ & CHICK, LLC<br>　　　Defendant in Counterclaim | DEFENDANT/PLAINTIFF IN<br>COUNTERCLAIM THEMISTOS &<br>DANE, P.C.'S RESPONSE TO<br>PLAINTIFF'S FIRST REQUEST FOR<br>PRODUCTION OF DOCUMENTS |

### DEFENDANT, THEMISTOS & DANE, P.C.'S OBJECTIONS AND RESPONSES TO PLAINTIFF, MICHAEL R. BLEZARD'S FIRST SET OF REQUESTS FOR PRODUCTION FROM THE DEFENDANT, THEMISTOS & DANE, P.C..

### OBJECTION TO "GENERAL INSTRUCTIONS" AND "DEFINITIONS"

The defendant, Themistos & Dane, P.C. ("Defendant"), objects to the "General Instructions" and "Definitions" sections of these Requests for Production insofar as and/or to the extent that said "General Instructions" and "Definitions" sections define, or attempt to define, types of documents and terms not defined in Fed.R.Civ.P. 34 or expands, or attempts to expand, definitions of terms and documents beyond those set forth in Fed.R.Civ.P. 34. Defendant further objects to these "General Instructions" and/or "Definitions" insofar as and/or to the extent that said "General Instructions" and/or "Definitions" request the disclosure and/or production of information, documentation and/or other materials protected by the attorney-client privilege and/or

not subject to disclosure. Definition "A" regarding "document" shall be limited herein as defined in Fed.R.Civ.P. 34(a). Anything beyond the definition set forth in Fed.R.Civ.P. 34(a) would violate the attorney-client privilege and/or the work-product doctrine, would impose an undue burden upon Defendant to respond, would be vague and ambiguous, and further, would be beyond the scope of discovery permitted under Fed.R.Civ.P. 34. Plaintiff also objects to the disclosure and/or production of any information, "communication," "document" or "documents," and/or other materials between and/or among counsel and/or the Court.

## REQUESTS FOR PRODUCTION

1. Any and all documents relating to and contained within the personnel file of the Plaintiff, Michael R. Blezard.

**Response:** All documents relating to Mr. Blezard's Personnel file will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

2. Any and all documents relating to the offer letter dated May 25, 1995 that was sent to the Plaintiff, Michael R. Blezard from the Defendant, Themistos & Dane, P.C.

**Response:** Said documents will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

3. Any and all documents relating to the Agreement that the Plaintiff, Michael R. Blezard signed on July 27, 1995.

2

**Response:**   The Defendant will produce those documents in its possession which relate to the Agreement that the Plaintiff Michael R. Blezard signed on July 27, 1995, which are not subject to attorney-client privilege.

4.   Any and all documents relating to, concerning and including any and all offer letters that were sent out to potential employees of the Defendant, Themistos & Dane, P.C. for the years 1994 through 2003.

**Response:**   Objection. The Defendant objects to this request insofar as it seeks documents unrelated to the Plaintiff Michael R. Blezard, as such documents are not relevant and contain confidential employee information. The Defendant further states that the information sought in this request is unduly burdensome and not intended to produce information discoverable for the present action.

5.   Any and all documents relating to, concerning and including any and all restrictive covenants such as non-compete agreements and non-solicitation agreements that the Defendant, Themistos & Dane, P.C., maintained or issued for the years 1994 through 2003.

**Response:**   Objection. The Defendant objects to this request insofar as it seeks documents unrelated to the Plaintiff Michael R. Blezard, as such documents are not relevant and contain confidential employee information. The Defendant further states that the information sought in this request is unduly burdensome and not intended to produce information discoverable for the present action. Notwithstanding the above objection, the only form of non-compete agreements and non-solicitation agreements that the Defendant Themistos & Dane, P.C. maintained or issued for the years 1994 through 2003 was that which was signed by the Plaintiff and has been produced in

response to Request No. 1 herein, and which has been amended only to change the name of the corporation to Themistos & Dane, P.C. A copy of such document will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

6. Any and all documents relating to employee handbooks and all employee handbooks issued or maintained by the Defendant, Themistos & Dane, P.C., for the years 1994 through 2003.

**Response:** The Themistos & Dane, P.C. employee manual, as modified from 1994 through 2002, will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

7. Any and all documents relating to the Defendant, Themistos & Dane, P.C.'s vacation policies and plans; any and all vacation policies and plans of the Defendant, Themistos & Dane, P.C., for the years 1994 through 2003.

**Response:** This information is contained within the Themistos & Dane, P.C. employee manual which will be produced in response to Request No. 6.

8. Any and all documents relating to actual vacation, sick, and personal time taken by the Plaintiff, Michael R. Blezard, and/or paid to Plaintiff for the years 1994 through 2002.

**Response:** The Defendant will product all documents in its possession responsive to this request at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

9. Any and all documents relating to the Defendant, Themistos & Dane, P.C.'s bonus plans for the years 1994 through 2003; any and all bonus plans for the years 1994 through 2003.

**Response:** The Defendant will product all documents in its possession responsive to this request at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

10. Any and all documents relating to, concerning and including any and all calculation methods used by the Defendant, Themistos & Dane, P.C., regarding calculating bonuses for the years 1994 through 2002.

**Response:** Assuming that this request seeks information relating to the Plaintiff, Michael R. Blezard, the Defendant will produce such information in its possession at the offices of Bacon & Wilson, P.C. at a time mutually convenient to all parties.

11. All calculation documents used by the Defendant, Themistos & Dane, P.C., regarding calculating bonuses for the years 1994 through 2002.

**Response:** Assuming that this request seeks information relating to the Plaintiff, Michael R. Blezard, the Defendant will produce such information in its possession at the offices of Bacon & Wilson, P.C. at a time mutually convenient to all parties.

12. Any and all documents relating to, concerning and including the Defendant, Themistos & Dane, P.C.'s policy concerning sick pay and reimbursement for unused sick pay.

5

**Response:** All information concerning sick pay and reimbursement for unused sick pay is contained in the Themistos & Dane, P.C.'s employee manual, which will be produced in response to Request No. 6, except as relates to Themistos & Dane partners, for which no such policy exists.

13. Any and all documents relating to, concerning and including any and all meeting notes regarding the Plaintiff, Michael R. Blezards' interview(s) with the Defendant, Themistos & Dane, P.C.

**Response:** The information is contained within Mr. Blezards' personnel file and will be produced in response to Request No. 1.

14. Any and all documents relating to, concerning and including any and all resolutions of the Defendant, Themistos & Dane, P.C., authorizing the owners of Themistos & Dane, P.C., to receive interest payments from Themistos & Dane, P.C., on their capital contributions to Themistos & Dane, P.C.

**Response:** No such resolutions exist.

15. Any and all documents relating to, concerning and including the Defendant, Themistos & Dane, P.C.'s Bylaws or Operating Agreement(s) for the years 1994 through 2003.

**Response:** The bylaws of Themistos & Dane, P.C. will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties. The Defendant has no operating agreements.

16. Any and all documents relating to, concerning and including any and all lease agreements entered into by the Defendant, Themistos & Dane, P.C., regarding real property located on 1341 Main Street, Springfield, Massachusetts 01103.

**Response:** Objection. This information relates to the Defendant's business location prior to the Plaintiff's employment; therefore, it is not relevant, it is confidential, unduly burdensome and not likely to lead to discoverable information.

17. Any and all documents relating to and concerning the Defendant, Themistos and Dane, P.C.'s obligation to any and all banks in regards to securing any and all Note(s) and Mortgage(s) securing any and all real property located in Springfield, Massachusetts, personal property, and/or mortgage notes.

**Response:** Objection. This information relates to the Defendant's business location prior to the Plaintiff's employment; therefore, it is not relevant, it is confidential, unduly burdensome and not likely to lead to discoverable information.

18. Any and all documents relating to, concerning and including any and all board of director resolutions of the Defendant, Themistos & Dane, P.C., authorizing said Defendant to assume and/or satisfy the debt obligation of Mr. Themistos, Mr. Dane, Mr. Oleszewski, TOD Realty, and/or TOD Realty Trust by the Defendant to any and all banks.

**Response:** None.

19. Any and all documents relating to, concerning and including any and all assumption and/or assignment agreements of the Defendant, Themistos & Dane, P.C., to assume and/or satisfy any and all debt obligations of Mr. Themistos, Mr. Dane, Mr. Oleszewski, TOD Realty, and/or TOD Realty Trust.

**Response:** None.

7

20. Any and all documents relating to, concerning and including all accounting records or reports, including but not limited to year end accounting records of the Defendant, Themistos & Dane, P.C., for the years 1994 through 2002.

**Response:** Objection as to all records from 1994 through 1999. Such documents are not relevant as Mr. Blezard was only an employee and not an income partner until September 1, 1999. However, financial statements for fiscal years August 31, 2000 through August 31, 2002 will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

21. Any and all documents relating to, concerning and including all tax returns of the Defendant, Themistos & Dane, P.C., for the years 1994 through 2002.

**Response:** Objection as to all records from 1994 through 1999. Such documents are not relevant as Mr. Blezard was only an employee and not an income partner until September 1, 1999. However, tax returns for fiscal years August 31, 2000 through August 31, 2002 will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

22. Any and all documents relating to, concerning and including all individual tax returns of the owners of the Defendant, Themistos & Dane, P.C., for the years 1994 through 2002.

**Response:** Objection. The information sought is not relevant to the claim brought by the Plaintiff, is confidential, unduly burdensome and vexatious and not likely to lead to the production of discoverable information.

23. Any and all documents relating to, concerning and including all notices sent by the Defendant, Themistos & Dane, P.C., to its clients concerning the Plaintiff, Michael

8

R. Blezard's' departure from Themistos & Dane, P.C., including but not limited to any and all memos, correspondence, e-mails, notes and telephone messages internally prepared by any and all employees calling upon Defendant's clients served by Plaintiff, subsequent to Plaintiffs departure.

**Response:** These documents will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

24. Any and all copies of Defendant, Themistos & Dane, P.C.'s telephone bills from July 2002 through 2003 for all of Defendant's telephone services.

**Response:** Objection. The information sought is not relevant to the claim brought by the Plaintiff, is confidential, unduly burdensome and vexatious and not likely to lead to the production of discoverable information.

25. Any and all documents relating to, concerning and including any and all communications from the clients of the Defendant, Themistos & Dane, P.C., to the Defendant, Themistos & Dane, P.C., concerning or referencing the Plaintiff, Michael R. Blezards' departure from Themistos & Dane, P.C.

**Response:** See documents produced in response to Request No. 23 hereto.

26. Any and all documents supporting the Defendant, Themistos & Dane, P.C.'s allegations that the Plaintiff, Michael R. Blezard solicited clients of Themistos & Dane, P.C.

**Response:** None.

27. Any and all documents from clients of the Defendant, which support the allegation that the Plaintiff, Michael R. Blezard attempted to solicit the businesses of said clients.

9

**Response:** None.

28. Any and all documents supporting the Defendant, Themistos & Dane, P.C.'s allegations that the Plaintiff, Michael R. Blezard stole business records or any other documents of the Defendant, Themistos & Dane, P.C.

**Response:** See documents produced in response to Request No. 23 hereto.

29. Any and all stockholder, stock redemption, buy-in, buy-out and similar agreements relating to the defendant, Themistos & Dane, P.C., by and among stockholders and/or defendant, Themistos & Dane, P.C.

**Response:** Objection. The information sought is not relevant to the claim brought by the Plaintiff, is confidential, unduly burdensome and vexatious and not likely to lead to the production of discoverable information.

30. Any and all side agreements between stockholders of Defendant, Themistos & Dane, P.C., stipulating limitations on unilateral decisions each stockholder/officer can make including, but not limited to firing employees and other operating matters requiring the mutual consent of Thomas H. Themistos and Steven M. Dane.

**Response:** All such documents will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

31. Any and all documents and agreements relating to, concerning and including Gary Oleszewski's stock redemption and departure settlement with the defendant and stockholders of defendant, Themistos & Dane, P.C.

10

**Response:** These documents will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

36. Any and all collections documents, letters, correspondence, e-mails, memos, and VPM notes for all clients of the defendant, Themistos & Dane, P.C., enumerated in Exhibit A of defendant's answer, affirmative defenses and counterclaims dated February 13, 2003.

**Response:** None as to Exhibit A; assuming the request refers to the list in Exhibit B, these documents will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

37. Listing of any and all accounts receivable of defendant, Themistos & Dane, P.C., placed with collection agents for the period 1994 through 2003.

**Response:** One account receivable was placed for collection in 1998, and the information related thereto will be provided. A further account receivable was placed as of March 30, 2002 and was dismissed. Thereafter, as no accounts receivables were placed for collection until on or after September 30, 2002, the Defendant objects to the production of this information, as it is not relevant to the claim brought by the Plaintiff, is confidential and not likely to lead to the production of discoverable information.

38. Any and all correspondence, communications, notices, contracts, documents and memoranda, signed and unsigned, evidencing services performed by Defendant, Themistos & Dane, P.C., for all clients of defendant enumerated in Exhibit A of Defendant's answer, affirmative defenses and counterclaims dated February 13, 2003, for the twenty-four month period prior to the Plaintiffs termination of employment with the defendant, including but not limited to:

12

a. Bills for services rendered by the defendant;

b. Collections on all bills rendered;

c. Credits issued and/or bad debts written off, and

d. Balances outstanding.

**Response:** None for Exhibit A; assuming the request to refer to Exhibit B, documents relating to billing and payments by all customers referenced in Exhibit B for the 24-month period of time prior to the termination of the Plaintiff's employment will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties. The Defendant has a schedule containing the information sought in sections a through d of this request for the 12-month period immediately preceding the termination of the Plaintiff's employment, which will be produced.

39. Any and all information regarding Berkshire Financial Services, LLC financial arrangement, transactions, startup costs, and amounts due and owing from defendant, Themistos & Dane, P.C., as of and for the years ended August 31, 2000, 2001 and 2002.

**Response:** Such documents will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties. There are no documents relating to any amounts due and owing from the Defendant Themistos & Dane, P.C.

13

The Defendant,
Themistos & Dane, P.C.,
By Its Attorney,

_____
PAUL H. ROTHSCHILD, ESQ. Juris #05693
MICHELLE M. BEGLEY, ESQ. Juris #409235
BACON & WILSON, P.C.
33 State Street
Springfield, MA 01103
Ph: (413) 781-0560
Fax: (413) 739-7740
July 31, 2003

## CERTIFICATE OF SERVICE

I, PAUL H. ROTHSCHILD, hereby certify that on the 31st day of July 2003, I caused a copy of the foregoing Defendant/Plaintiff in Counterclaim Themistos & Dane, P.C.'s Response to Request for Production of Documents to be served upon all interested parties by mailing a copy thereof, postage prepaid, first class mail to:

James W. Oliver, Esq.
Berman and Sable
100 Pearl Street
Hartford, CT 06103

_____
PAUL H. ROTHSCHILD

271672

14