UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL R. BLEZARD, <br> Plaintiff | CIVIL ACTION NO.: <br> 303CV0161(MRK) |
| vs. | |
| THEMISTOS & DANE, P.C., <br> Defendant | **JURY TRIAL DEMANDED** <br><br> NOVEMBER 6, 2003 |

## PLAINTIFF'S AMENDED COMPLAINT

### THE PARTIES

1. The Plaintiff, Michael R. Blezard ("Blezard" or "Plaintiff") is an individual and citizen of the State of Connecticut, residing at 36 Summit Drive, South Windsor, Connecticut.

2. The Defendant, Themistos & Dane, P.C. ("Themistos" or "Defendant") is a Massachusetts Professional Corporation with a principal place of business at One Monarch Place, Springfield, Massachusetts. Themistos is in the business of providing accounting services.

**JURISIDICTION AND VENUE**

3.  This Court has jurisdiction over Count I directed against the Defendant pursuant to 28 U.S.C. Section 1332(a)(1) and 1332(c)(1) because the matter in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars exclusive of interest and costs, and the parties are citizens of different states. This Court has supplemental jurisdiction over Counts II, III and IV of the Complaint against the Defendant pursuant to 28 U.S.C. Section 1367(a) because the claims contained in Counts II, III and IV are so related to Count I that they form part of the same case or controversy under Article III of the United States Constitution.

4.  Pursuant to 28 U.S.C. Section 1391(a)(2), venue is proper in this judicial district because: (1) there is diversity of citizenship; and (2) the transaction and substantially all of the events, acts and omissions giving rise to Blezard's causes of action occurred within the State of Connecticut or affect the public policy of the State of Connecticut.

**COUNT ONE (Declaratory Judgment)**

1-4.  Paragraphs 1 and 2 of "The Parties" and Paragraph 3 and 4 "Jurisdiction and Venue" are hereby incorporated by reference made Paragraphs 1 through 4 of this Count One of this Amended Complaint, as if fully rewritten herein.

5.  In the Spring of 1995, Blezard applied for a position as a accountant at the accounting firm of Themistos, Oleszewski & Dane, P.C. which is now known as Themistos & Dane, P.C. ("Themistos" or "Defendant").

6.  On or about May 25, 1995, Themistos sent an offer letter to Blezard offering to Blezard a position as an accounting manager. Blezard accepted the offer of employment as an accounting manager. A copy of said Offer Letter is attached hereto and incorporated herein as **Exhibit A**.

7.  During preliminary discussions between Blezard and Themistos, it was agreed that Blezard would devote time and effort in Themistos' behalf in an attempt to develop business for Themistos in his home State of Connecticut. At all times during his employment with Themistos, Blezard resided within the State of Connecticut.

8.  In addition, during preliminary discussions between Blezard and Themistos, Themistos by and through its agents, employees and/or representatives made certain representations, as statements of fact, to Blezard, including but not limited to: that Blezard was being hired under the "partner in training program" and that Themistos was a profitable, solvent accounting firm which followed prudent business practices.

**BERMAN AND SABLE**
100 PEARL STREET, HARTFORD, CONNECTICUT 06103
(860) 527-9699  •  JURIS NO. 03840

9. At no time during Blezard's job interviews with Themistos was he informed that as a condition of his employment that he would be required to sign restrictive covenants which run in favor of Themistos concerning non-solicitation or non-competition.

10. The May 25, 1995 Offer Letter issued by Themistos to Blezard failed to inform Blezard that he would subsequently be required to sign restrictive covenants concerning non-solicitation or non-competition which run in favor of the Themistos.

11. On or about July 24, 1995, Blezard was required to execute an Agreement (the "Agreement") which contained a series of restrictive covenants which run in favor of Themistos. A copy of the Agreement is attached hereto and incorporated herein as **Exhibit B**.

12. On or about July 24, 1995, Blezard was surprised and dismayed that he was now being required to execute the Agreement and that said Agreement had not been mentioned, referenced, or otherwise disclosed during his earlier interviews with Themistos or in the Offer Letter of May 25, 1995 (Exhibit A).

13. Blezard did not want to execute the Agreement and only executed the Agreement after he was informed that his failure to do so would "cause serious problems for him".

4

14. Blezard attempted to negotiate the terms of the Agreement, however, Themistos refused to change any of the terms in the Agreement and required Blezard to execute the Agreement with no changes.

15. Blezard reluctantly felt compelled to execute the Agreement (Exhibit B) at his home in the State of Connecticut.

16. The Agreement contains an anti-solicitation clause which states as follows:

> "I hereby agree that for a period of twenty-four (24) months immediately following my termination of employment with the corporation for any reason, that I should neither call nor solicit, either for myself or for any other persons or firms, any of the clients of the corporation for whom I have performed services, or with whom I have become acquainted, nor shall I make known to any person or firms, either directly or indirectly, the names or addresses of any such clients or any other information relating in any manner to the Corporation's business relationship with such clients."

17. The Agreement also contains an anti-competition clause which reads as follows:

> Upon my termination of employment with the Corporation for any reason and further upon any then existing client or the office desired to become my client, I hereby agree to pay to the Corporation a sum equal to one hundred fifty (150%) percent of the previous year's gross billings for said client. The aforesaid sum is to be paid by me in two (2) equal installments, with the first such installment being due and payable six (6) month's after notice to the Corporation has been given by the undersigned and/or by the client as to desire to become my client, and the second equal installment to be paid six (6) month's thereafter. The

5

aforesaid obligation shall be evidenced by my executing a Promissory Note in an amount equal to the aforesaid installments.

18. Blezard entered into the employment agreement based upon express and implied representations made by representatives, agents and/or employees of Themistos regarding the status of the accounting firm, as well as the accounting practices of Themistos.

19. Defendant's agents, employees and/or representatives specifically represented to Blezard that he was being hired under the "partner in training program" and that Themistos & Dane, P.C. was a profitable, solvent, accounting firm which followed prudent business practices.

20. Defendant's agents, employees, and/or representatives made these representations for the express purpose of inducing Blezard to enter into the employment agreement.

21. In reliance upon the express representations made by Defendant's agents, employees and/or representatives, Blezard entered into the employment agreement.

22. The representations made by Defendant's agents, employees and/or representatives were false and either known to be false at the time made, or carelessly and negligently made.

23. Specifically, Defendant was not following prudent business practices as it was assuming the personal debt of the three individual shareholders/partners; Defendant was

6

showing a net operating loss due to the fact that the Defendant assumed the personal debt of the three individual shareholders/partners of Defendant; and Themistos was paying interest to the three individual shareholders/partners on their capital contributions to Themistos, thereby reducing the draw pool from which bonuses were paid. None of the foregoing was disclosed to Michael R. Blezard during any of the interviews that he had, nor was that information disclosed to Michael R. Blezard after he specifically asked Defendant's agents, employees and/or representatives whether Themistos & Dane, P.C. was a profitable accounting firm that followed prudent business practices.

24. Defendant's agents, employees and/or representatives intentionally, negligently and/or fraudulently misrepresented to the Plaintiff the true status of the Defendant, Themistos & Dane, P.C.

25. On or about July 15, 2002, Blezard terminated his employment with Themistos.

26. A dispute has arisen between Blezard and Themistos concerning whether the Agreement is enforceable as a matter of law and/or whether the Agreement violates public policy. Pursuant to 28 U.S.C. Section 2201, there is an actual case or controversy between the parties arising out of Blezard's employment at Themistos and/or the Agreement.

7

27. It is the position of Blezard that the Agreement is void and of no legal effect because it is:

    a. void for lack of consideration;

    b. constitutes an adhesion contract which violates public policy;

    c. violates public policy due to its anti-competitive nature;

    d. is overly broad and excessive in its scope because it lacks geographic limitations and because its duration is too long;

    e. violates public policy in that it constitutes an unreasonable restraint on trade; and

    f. was negligently and/or fraudulently induced.

28. Said restrictive covenants are unenforceable as they are punitive in nature and are not designed to protect the good will of Themistos.

**COUNT TWO (Breach of Employment Contract)**

1-28. Paragraphs 1 through 28 of Count One are hereby incorporated by reference and made Paragraphs 1 through 28 of this Count Two of this Amended Complaint, as if fully rewritten herein.

8

29.  Themistos agreed to pay to Blezard personal, sick and vacation time earned but not used in the form of "unused total days" on an annual basis. From August 31, 1995 through July 15, 2002, Themistos has failed to pay to Blezard personal, sick and vacation time which accrued but which he had not used.

30.  Blezard is entitled to payment for unused total days in the amount of $16,977.97.

31.  Themistos has breached its agreement with Blezard in that Themistos has failed, neglected and/or refused to pay said sums which are due and owing to Blezard and as a result Blezard has been damaged.

## COUNT THREE (Breach of Contract)

1-31.  Paragraphs 1 through 31 of Count Two are hereby incorporated by reference and made Paragraphs 1 through 31 of this Count Three of this Amended Complaint, as if fully rewritten herein.

32.  Blezard was entitled to a bonus during his employment with Themistos.

33.  Blezard entered into an Income Principle Bonus Formula with Themistos for the fiscal years 2000 through 2002.

BERMAN AND SABLE
100 PEARL STREET, HARTFORD, CONNECTICUT 06103
(860) 527-9699   •   JURIS NO. 03840

34. Themistos has failed to pay all bonus sums due and owing to Blezard from the Income Principle Bonus Formula for the years 2000 through 2002.

35. Blezard is entitled to additional bonus payments in the amount of $61,448.02 which reflect bonus sums due and owing to him, plus commissions due in the amount of $4,559.50.

36. Themistos has breached its employment agreement with Blezard for the payment of a bonus, in that Themistos has failed, neglected and/or refused to pay said bonus sums which are due to Blezard and as a result Blezard has been damaged.

**COUNT FOUR (Breach of Conn. Gen. Stat. Section 31-72, *et. seq.*)**

1-36. Paragraphs 1 through 36 of Count Three are hereby incorporated by reference and made Paragraphs 1 through 36 of this Count Four of this Amended Complaint, as if fully rewritten herein.

37. The Income Principle Bonus Formula entered into between Themistos and Blezard constitutes the payment of wages. Themistos has failed, neglected and/or refused in bad faith and for arbitrary reasons to pay bonus amounts due to Blezard for fiscal years 2000 through 2002.

10

38. Blezard has been damaged as a result of Themistos' violation of Conn. Gen. Stat. Section 31-72, *et. seq*.

11

**BERMAN AND SABLE**
100 PEARL STREET, HARTFORD, CONNECTICUT 06103
(860) 527-9699   •   JURIS NO. 03840

WHEREFORE, Plaintiff claims:

1. A declaratory judgment finding the Agreement to be void for lack of consideration and/or void due to violations of public policy and/or void or voidable due to Fraud in the Inducement;

2. Money damages;

3. Attorneys' fees;

4. Damages pursuant to Conn. Gen. Stat. Section 31-72;

5. Punitive damages;

6. Interest pursuant to Conn. Gen. Stat. Section 37-3(a); and

7. Such other relief as this Court deems just and proper.

The Plaintiff, Michael R. Blezard hereby demands trial by jury.

**BERMAN AND SABLE**
100 PEARL STREET, HARTFORD, CONNECTICUT 06103
(860) 527-9699  •  JURIS NO. 03840

THE PLAINTIFF,
MICHAEL R. BLEZARD

By: *Jose A. Aguiar*
JOSÉ A. AGUIAR
Federal Bar No. ct24658
JAMES W. OLIVER
Federal Bar No. ct02510
Berman and Sable,
His Attorneys
100 Pearl Street
Hartford, Connecticut 06103
Tel: (860) 527-9699
Fax: (860) 527-9077

\\BERMAN\SYS\USERS\SHARED\LIT\Blezard, Mike\Amended Complaint, Blezard.doc

13