## AGREEMENT

I, _Michael R. Blizzard_, the undersigned (hereinafter sometimes referred to as "Employee"), hereby recognize that in the public accounting practice of THEMISTOS, OLSZEWSKI & DANE, P.C., a Massachusetts Professional Corporation with a principal place of business at One Monarch Place, Springfield, Massachusetts (hereinafter sometimes called the "Corporation") and in the conduct of its said practice, much information is involved of a confidential nature. This information constitutes valuable property of the Corporation and is generally not to be disseminated or made known to parties outside the Corporation. It is recognized that as a result of my employment by the Corporation, I may have the opportunity to and may so acquire knowledge of such confidential information.

In consideration of my employment beyond one week from the date hereof, and the continued employment of me by THEMISTOS, OLSZEWSKI & DANE, P.C., I therefore agree as follows:

1. I shall not, during the term of my employment with the Corporation, nor at any time thereafter, disclose to anyone outside of the Corporation or use in other than the Corporation's business, any confidential information of the Corporation, except as authorized in writing by authoritative personnel of the Corporation. Corporation information which is not readily available to the public shall be considered confidential for the purpose of this Agreement and shall include, but not be limited to, information relative to the Corporation and its agreements with clients, client lists and mailing lists, and financial information that may relate to the Corporation. Confidential information shall also for purposes of this Agreement include client lists as well as any information relating in any manner to the Corporation's business relationship with such clients.

2. All books, records, accounts, lists, reports and any and all other records and information and any and all copies thereof relating in any manner to the Corporation's clients, whether prepared by me or otherwise coming into my possession, shall be the exclusive property of the Corporation and shall be returned immediately to the Corporation upon termination of the my employment or upon the Corporation's request at any time.

3. Upon termination of employment, Employee shall have the right, upon presentation of a written direction from any client, within twenty four (24) months after the Employee's termination of employment, to have provided to him or her any records and files of such client. Provided however, the Employee shall at his or her own expense, reproduce for the benefit of the Corporation any such records and files.

4. I hereby agree that for a period of twenty four (24) months immediately

58234.2                              1

following my termination of employment with the Corporation for any reason, that I shall neither call nor solicit, either for myself or any other person or firms, any of the clients of the Corporation for whom I have performed services, or with whom I have become acquainted, nor shall I make known to any person or firms, either directly or indirectly, the names or addresses of any such clients or any other information relating in any manner to the Corporation's business relationship with such clients.

Upon my termination of employment with the Corporation for any reason and further upon any then existing client of the office desiring to become my client, I hereby agree to pay to the Corporation a sum equal to one hundred fifty percent (150%) of the previous year's gross billings for said client. The aforesaid sum is to be paid by me in two (2) equal installments, with the first such installment being due and payable six (6) month's after notice to the Corporation has been given by the undersigned and/or by the client as to desiring to become my client, and the second equal installment to be paid six (6) month's thereafter. The aforesaid obligation shall be evidenced by my executing a Promissory Note in an amount equal to the aforesaid installments.

The phrase "then existing client" as used in the immediately preceding paragraph shall apply to an individual, fiduciary and/or business client of the Corporation serviced by the Corporation within the twenty four (24) month period immediately preceding my termination of employment with the Corporation.

The aforesaid requirement of the payment of one hundred fifty percent (150%) of the previous year's gross billings shall not apply to any client that was originally brought to the Corporation by the undersigned as of his or her first day of employment with the Corporation nor shall it apply to any client of the Corporation that seeks to go with the Employee more than twenty four (24) months after Employee's termination of employment. The clients so originally brought to the Corporation are set forth on Exhibit "A" attached hereto.

5. In the event of a breach of any of the provisions hereof, the Corporation shall have any and all equitable and/or legal remedies including injunctive relief available to it to enforce the provisions as hereinbefore set forth in this Agreement.

6. I also agree that I will not disclose to the Corporation or to other employees of the Corporation or use for the Corporation any confidential information obtained during any former employment, which confidential information I am under obligation to keep confidential.

7. This Agreement shall enure to the benefit of the successors and assigns of THEMISTOS, OLSZEWSKI & DANE, P.C. and shall be binding upon my heirs and legal representatives.

58294.1

2

IN WITNESS WHEREOF, this Agreement is signed this 27 day of July, 19 95.

_____     *Michael R. Bl[...]*
                                             , Employee

58394.1                    3

# AGREEMENT
# EXHIBIT A

Artist Collective, Inc.
A.D. Tripp Co., Inc.
Capital Housing Finance Corporation and CHC
Carlyle Johnson Machine Co., Inc.
Consolidated Precast, Inc.
Greater Hartford business Development Center
Greater Hartford Chamber of Commerce Foundation
Hartford Area Private Industry Council
Hartford Area Training Center
Hartford Economic Development Corp.
Herald Publishing Co., Inc.
Knox Park Foundation
Link Corp.
Madrigal Audio Laboratories, Inc.
M.H. Rhodes
Sanford Berlin and related entities
Sheldon Oak Central, Inc. and related entities
Simscroft-Echo Farms, Inc. and related entities
South Park Inn, Inc.
The National Die Co., Inc.
Thomas Holmes and related entities
Vance Brown
West Hartford Tool & Die Company, Inc.