FILED
Nov 10 12 11 '03
U.S....

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL R. BLEZARD | : CIVIL ACTION NO.: |
| | : 303CV0161 (MRK) |
| Plaintiff | : |
| | : |
| V. | : |
| | : |
| THEMISTOS & DANE, P.C. | : |
| | : |
| Defendant | : NOVEMBER 6, 2003 |

**PLAINTIFF, MICHAEL R. BLEZARD'S REPLY AND AMENDED AFFIRMATIVE DEFENSES TO DEFENDANT, THEMISTOS & DANE, P.C.'S COUNTERCLAIMS DATED FEBRUARY 13, 2003**

Pursuant to Rule 12(a)(2) of the Federal Rules of Civil Procedure, the plaintiff Michael R. Blezard ("Blezard" or "Plaintiff"), herein submits his Reply and Amended Affirmative Defenses ("Reply"), to the Answer, Affirmative Defenses and Counterclaims ("Counterclaims"), dated February 13, 2003 filed by the defendant, Themistos & Dane, P.C. ("Themistos" or "Defendant"), as follows:

**REPLY**

**FACTS COMMON TO ALL COUNTS**

1. Upon information and belief, the allegations contained in Paragraph 1 of the Facts Common To All Counts ("the Facts") of the Defendant's Counterclaims are admitted.

2. The allegations contained in Paragraph 2 of the Facts of the Defendant's Counterclaims are denied.

3. As to the allegations contained in Paragraph 3 of the Facts of the Defendant's Counterclaims, Plaintiff admits that he signed the Agreement. Plaintiff denies the remaining allegations of Paragraph 3.

4. Upon information and belief, the allegations contained in Paragraph 4 of the Facts of the Defendant's Counterclaims are admitted.

5. The allegations contained in Paragraph 5 of the Facts of the Defendant's Counterclaims are denied.

6. The allegations contained in Paragraph 6 of the Facts of the Defendant's Counterclaims are denied.

7. As to the allegations contained in Paragraph 7 of the Facts of the Defendant's Counterclaims, Plaintiff admits that it has filed the instant action for declaratory judgment. Plaintiff denies the remaining allegations of Paragraph 7.

8. As to the allegations contained in Paragraph 8 of the Facts of the Defendant's Counterclaims, Plaintiff has insufficient knowledge or information upon which to form a belief, and therefore, the Defendant is left to its proof.

2

9. As to the allegations contained in Paragraph 9 of the Facts of the Defendant's Counterclaims, Plaintiff has insufficient knowledge or information upon which to form a belief, and therefore, the Defendant is left to its proof.

### Count I (Breach of Contract)

10. Plaintiff hereby incorporates by reference and makes paragraphs 1 through 9 of its Reply to the Facts of the Defendant's Counterclaim as set forth above, its responses to paragraphs 1 through 9 of the First Count as set forth herein.

11. The allegations contained in Paragraph 11 of the First Count of the Defendant's Counterclaims are denied.

12. As to the allegations contained in Paragraph 12 of the First Count of the Defendant's Counterclaims, Plaintiff has insufficient knowledge or information upon which to form a belief, and therefore, the Defendant is left to its proof.

13. The allegations contained in Paragraph 13 of the First Count of the Defendant's Counterclaims are denied.

### Count II (Unjust Enrichment)

**BERMAN AND SABLE**
100 PEARL STREET, HARTFORD, CONNECTICUT 06103
(860) 527-9699   •   JURIS NO. 03840

14.     Plaintiff hereby incorporates by reference and makes paragraphs 1 through 13 of its Reply to the Defendant's Counterclaim as set forth above, its responses to paragraphs 1 through 13 of the Second Count as set forth herein.

15.     The allegations contained in Paragraph 15 of the Second Count of the Defendant's Counterclaims are denied.

16.     The allegations contained in Paragraph 16 of the Second Count of the Defendant's Counterclaims are denied.

**Count III (Conversion)**

17.     Plaintiff hereby incorporates by reference and makes paragraphs 1 through 16 of its Reply to the Defendant's Counterclaim as set forth above, its responses to paragraphs 1 through 16 of the Third Count as set forth herein.

18.     The allegations contained in Paragraph 18 of the Third Count of the Defendant's Counterclaims are denied.

19.     The allegations contained in Paragraph 19 of the Third Count of the Defendant's Counterclaims are denied.

**BERMAN AND SABLE**
100 PEARL STREET, HARTFORD, CONNECTICUT 06103
(860) 527-9699   •   JURIS NO. 03840

**Count IV (Tortious Interference With Business Expectancies)**

20.   Plaintiff hereby incorporates by reference and makes paragraphs 1 through 19 of its Reply to the Defendant's Counterclaim as set forth above, its responses to paragraphs 1 through 19 of the Fourth Count as set forth herein.

21.   As to the allegations contained in Paragraph 21 of the Fourth Count of the Defendant's Counterclaims, Plaintiff has insufficient knowledge or information upon which to form a belief, and therefore, the Defendant is left to its proof.

22(a).   The allegations contained in Paragraph 22(a) of the Fourth Count of the Defendant's Counterclaims are denied.

(b).   The allegations contained in Paragraph 22(b) of the Fourth Count of the Defendant's Counterclaims are denied.

(c).   The allegations contained in Paragraph 22(c) of the Fourth Count of the Defendant's Counterclaims are denied.

23.   The allegations contained in Paragraph 23 of the Fourth Count of the Defendant's Counterclaims are denied.

24.   The allegations contained in Paragraph 24 of the Fourth Count of the Defendant's Counterclaims are denied.

5

**BERMAN AND SABLE**
100 PEARL STREET, HARTFORD, CONNECTICUT 06103
(860) 527-9699   •   JURIS NO. 03840

**Count V (Breach of Fiduciary Duty)**

25.	Plaintiff hereby incorporates by reference and makes paragraphs 1 through 24 of its Reply to the Defendant's Counterclaim as set forth above, its responses to paragraphs 1 through 24 of the Fifth Count as set forth herein.

26.	The allegations contained in Paragraph 26 of the Fifth Count of the Defendant's Counterclaims are denied.

   (a).	The allegations contained in Paragraph 26(a) of the Fifth Count of the Defendant's Counterclaims are denied.

   (b).	The allegations contained in Paragraph 26(b) of the Fifth Count of the Defendant's Counterclaims are denied.

   (c).	The allegations contained in Paragraph 26(c) of the Fifth Count of the Defendant's Counterclaims are denied.

27.	The allegations contained in Paragraph 27 of the Fifth Count of the Defendant's Counterclaims are denied.

**Count VI (Violation of CUTPA § 42-110(a) of the Conn. Gen. Stat.)**

28.  Plaintiff hereby incorporates by reference and makes paragraphs 1 through 27 of its Reply to the Defendant's Counterclaim as set forth above, its responses to paragraphs 1 through 27 of the Sixth Count as set forth herein.

29.  The allegations contained in Paragraph 29 of the Sixth Count of the Defendant's Counterclaims are denied.

   (a).  The allegations contained in Paragraph 29(a) of the Sixth Count of the Defendant's Counterclaims are denied.

   (b).  The allegations contained in Paragraph 29(b) of the Sixth Count of the Defendant's Counterclaims are denied.

   (c).  The allegations contained in Paragraph 29(c) of the Sixth Count of the Defendant's Counterclaims are denied.

30.  The allegations contained in Paragraph 30 of the Sixth Count of the Defendant's Counterclaims are denied.

## AFFIRMATIVE DEFENSES

**Factual Background (As to all Affirmative Defenses as to all Counts)**

1.  In the Spring of 1995, Michael R. Blezard ("Plaintiff" or "Blezard"), applied for a position as a accountant at the accounting firm of Themistos, Oleszewski & Dane, P.C. which is now known as Themistos & Dane, P.C. ("Themistos" or "Defendant").

2.  On or about May 25, 1995, Themistos sent an offer letter to Blezard offering to Blezard a position as an accounting manager. Blezard accepted the offer of employment as an accounting manager.

3.  During preliminary discussions between Blezard and Themistos, it was agreed that Blezard would devote time and effort in Themistos' behalf in an attempt to develop business for Themistos in his home State of Connecticut. At all times during his employment with Themistos, Blezard resided within the State of Connecticut.

4.  In addition, during preliminary discussions between Blezard and Themistos, Themistos by and through its agents, employees and/or representatives, made certain representations, as statements of fact, to Michael R. Blezard, including but not limited to: that Michael R. Blezard was being hired under the "partner in training program" and that Themistos was a profitable, solvent accounting firm which followed prudent business practices.

5. At no time during Blezard's job interviews with Themistos was he informed that as a condition of his employment that he would be required to sign restrictive covenants which run in favor of Themistos concerning non-solicitation or non-competition.

6. The May 25, 1995 Offer Letter issued by Themistos to Blezard failed to inform Blezard that he would subsequently be required to sign restrictive covenants concerning non-solicitation or non-competition which run in favor of the Themistos.

7. On or about July 24, 1995, Blezard was required to execute an Agreement (the "Agreement") which contained a series of restrictive covenants which run in favor of Themistos.

8. On or about July 24, 1995, Blezard was surprised and dismayed that he was now being required to execute the Agreement and that said Agreement had not been mentioned, referenced, or otherwise disclosed during his earlier interviews with Themistos or in the Offer Letter of May 25, 1995.

9. Blezard did not want to execute the Agreement and only executed the Agreement after he was informed that his failure to do so would "cause serious problems for him".

10. Blezard attempted to negotiate the terms of the Agreement, however, Themistos refused to change any of the terms in the Agreement and required Blezard to execute the Agreement with no changes.

11. Blezard reluctantly felt compelled to execute the Agreement at his home in the State of Connecticut.

12. On July 27, 1995 Michael R. Blezard signed the employment agreement with Themistos & Dane, P.C.

13. Michael R. Blezard entered into the employment agreement based upon express and implied representations made by representatives, agents and/or employees of the Defendant, Themistos & Dane, P.C. regarding the status of the accounting firm, as well as the accounting practices of the Defendant.

14. Defendant's agents, employees and/or representatives specifically represented to the Plaintiff, Michael R. Blezard that he was being hired under the "partner in training program" and that Themistos & Dane, P.C. was a profitable, solvent, accounting firm which followed prudent business practices.

15. Defendant's agents, employees, and/or representatives made these representations for the express purpose of inducing Michael R. Blezard to enter into the employment agreement.

BERMAN AND SABLE
100 PEARL STREET, HARTFORD, CONNECTICUT 06103
(860) 527-9699   •   JURIS NO. 03840

16. In reliance upon the express representations made by Defendant's agents, employees and/or representatives, Michael R. Blezard entered into the employment agreement.

17. The representations made by Defendant's agents, employees and/or representatives were false and either known to be false at the time made, or carelessly and negligently made.

18. Specifically, Defendant was not following prudent business practices as it was assuming the personal debt of the three individual shareholders/partners; Defendant was showing a net operating loss due to the fact that the Defendant assumed the personal debt of the three individual shareholders/partners of Defendant; and Themistos was paying interest to the three individual shareholders/partners on their capital contributions to Themistos, thereby reducing the draw pool from which bonuses were paid. None of the foregoing was disclosed to Michael R. Blezard during any of the interviews that he had, nor was that information disclosed to Michael R. Blezard after he specifically asked Defendant's agents, employees and/or representatives whether Themistos & Dane, P.C. was a profitable accounting firm that followed prudent business practices.

**BERMAN AND SABLE**
100 PEARL STREET, HARTFORD, CONNECTICUT 06103
(860) 527-9699 • JURIS NO. 03840

19. Defendant's agents, employees and/or representatives intentionally, negligently and/or fraudulently misrepresented to the Plaintiff the true status of the Defendant, Themistos & Dane, P.C.

**First Affirmative Defense (As to All Counts)**

1-19. Paragraphs 1-19 of the Factual background (As to All Affirmative Defenses as to all Counts) are hereby incorporated by reference and made Paragraphs 1-19 of this the First Affirmative Defense, as if fully rewritten herein.

20. Defendant's Counterclaims that Plaintiff has answered fail to state a cause of action against Plaintiff.

**Second Affirmative Defense (As to All Counts)**

1-19. Paragraphs 1-19 of the Factual background (As to All Affirmative Defenses as to all Counts) are hereby incorporated by reference and made Paragraphs 1-19 of this the Second Affirmative Defense, as if fully rewritten herein.

20. Defendant's Counterclaims that Plaintiff has answered are barred by the doctrine of unclean hands.

BERMAN AND SABLE
100 PEARL STREET, HARTFORD, CONNECTICUT 06103
(860) 527-9699  •  JURIS NO. 03840

### Third Affirmative Defense (As to All Counts)

1-19.   Paragraphs 1-19 of the Factual background (As to All Affirmative Defenses as to all Counts) are hereby incorporated by reference and made Paragraphs 1-19 of this the Third Affirmative Defense, as if fully rewritten herein.

20.   Defendant's Counterclaims that Plaintiff has answered are barred by the doctrine of failure of consideration.

### Fourth Affirmative Defense (As to All Counts)

1-19.   Paragraphs 1-19 of the Factual background (As to All Affirmative Defenses as to all Counts) are hereby incorporated by reference and made Paragraphs 1-19 of this the Fourth Affirmative Defense, as if fully rewritten herein.

20.   Defendant's Counterclaims that Plaintiff has answered are barred by the doctrine of failure to mitigate.

### Fifth Affirmative Defense (As to All Counts)

1-19.   Paragraphs 1-19 of the Factual background (As to All Affirmative Defenses as to all Counts) are hereby incorporated by reference and made Paragraphs 1-19 of this the Fifth Affirmative Defense, as if fully rewritten herein.

**BERMAN AND SABLE**
100 PEARL STREET, HARTFORD, CONNECTICUT 06103
(860) 527-9699   •   JURIS NO. 03840

20. Defendant's Counterclaims that Plaintiff has answered are barred as Plaintiff is excused from his obligations under any employment agreement with the Defendant due to the Defendant's breach of its obligations under the Employment Agreement.

**Sixth Affirmative Defense (As to All Counts)**

1-19. Paragraphs 1-19 of the Factual background (As to All Affirmative Defenses as to all Counts) are hereby incorporated by reference and made Paragraphs 1-19 of this the Sixth Affirmative Defense, as if fully rewritten herein.

20. Plaintiff reserves its right to assert other defenses that may apply based on facts developed during the course of litigation and/or based on any rulings by the Court.

**Seventh Affirmative Defense (As to All Counts)**

1-19. Paragraphs 1-19 of the Factual background (As to All Affirmative Defenses as to all Counts) are hereby incorporated by reference and made Paragraphs 1-19 of this the Seventh Affirmative Defense, as if fully rewritten herein.

20. Defendant's Counterclaims are barred as the provisions of the Employment Agreement are unenforceable under the doctrine of fraudulent inducement.

BERMAN AND SABLE
100 PEARL STREET, HARTFORD, CONNECTICUT 06103
(860) 527-9699   •   JURIS NO. 03840

THE PLAINTIFF,
MICHAEL R. BLEZARD

By: _____
JOSÉ A. AGUIAR
Federal Bar No.: ct 24658
JAMES W. OLIVER
Federal Bar No.: ct02510
Berman and Sable
100 Pearl Street, 10th Floor
Hartford, CT 06103
Tel:   (860) 527-9699
Fax:   (860) 527-9077
His Attorneys

F:\USERS\SHARED\LIT\Blezard, Mike\Plaintiff's Reply, Amended Affir. Defenses to D's Counterclaims.doc

15