UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

CIVIL ACTION NO.  303CV1061 (MRK)

MICHAEL R. BLEZARD,
Plaintiff

v.


THEMISTOS & DANE, P.C.,
Defendant/Plaintiff in Counterclaim

and

THEMISTOS & DANE, P.C.,
Plaintiff in Counterclaim

v.

PUE, LEIBOWITZ & CHICK, LLC,
Defendant in Counterclaim

**MEMORANDAM OF LAW IN OPPOSITION TO THE PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**


Pursuant to Rule 7A(1) of the Local Civil Rules of the United States District Court

for the District of Connecticut, the Defendant, Themistos & Dane, P.C., submits this

Memorandum of Law in Opposition to the Plaintiff's Motion to Compel the Production of

Documents.

## I. INTRODUCTION

The Plaintiff, a former employee of the Defendant, resigned his position with the

Defendant on July 15, 2002, and immediately thereafter began his employment with the

Defendant in Counterclaim, Pue, Leibowitz & Chick, LLC.  The Defendant asserts that

the Plaintiff is currently under an agreement with the Defendant which provides that if

**ORAL ARGUMENT REQUESTED**          1

the Plaintiff, upon leaving the employ of the Defendant, should perform services for any of the Defendant's clients, he shall pay to the Defendant an amount equal to 150% of any such client's gross billings by the Defendant, for the year immediately proceeding the termination of employment.

Shortly after the Plaintiff terminated his employment with the Defendant, the Defendant wrote to the Plaintiff regarding his obligations under the agreement and of the Defendant's intent to enforce said agreement.  As a direct result of these communications, the Plaintiff filed suit in the United States District Court, for the District of Connecticut, seeking a declaratory judgment that the agreement was unenforceable, as well as alleging that the Defendant miscalculated his bonuses during the course of his employment and that he is entitled to payment for sick/personal time which he did not take during the course of his employment.  The Defendant subsequently filed a counterclaim seeking to enforce the terms of the agreement.

On May 30, 2003 the Plaintiff served the Defendant with a Document Request, to which the Plaintiff responded on July 31, 2003.  The Defendant's response included all documents which the Defendant believes are relevant to the present proceeding or will lead to other discoverable information, and objections to requests which are unrelated to any of the issues or defenses raised in this matter, irrelevant, confidential, and/or whose production would be overly burdensome.  Essentially, the Defendant believes that the documents which the Plaintiff seeks by way of his motion to compel are being sought as part of a "fishing expedition".

2

## II.    <u>ARGUMENT</u>

It is well established that while courts interpret the term "relevant" broadly, at the same time, "discovery, like all matters of procedure, has ultimate and necessary boundaries. Discovery of matters not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Fed.R.Civ.P. 26(b)(1)" <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 US 340, 351 (1978).

### A.    <u>DOCUMENT REQUESTS NUMBER 4 AND 5</u>

*4.*    *"Any and all documents relating to, concerning and including any and all offer letters that were sent out to potential employees of the Defendant, Themistos & Dane, P.C., for the years 1994 through 2003."*

The employment relationship between the Plaintiff and the Defendant is what is at issue in this case. The terms other employees were working under is totally irrelevant. An offer letter issued to another employee, no matter what its content, could not conceivably have any relevance to this case. The Plaintiff states that offer letters to other potential employees bears directly on whether it was the Defendant's policy to inform new employees of the requirement they execute an agreement similar to the one the Plaintiff signed. However, the Defendant's general policies are not what is at issue in this case. The only issue is the relationship between the Defendant and the Plaintiff. Moreover, information contained in other employees offer letters, particularly income, is confidential information to which they have a reason to believe will remain confidential.

*5.*    *"Any and all documents relating to, concerning and including any and all restrictive covenants such as non-compete agreements and nonsolicitation agreements*

3

*that the Defendant, Themistos & Dane, P.C., maintained or issued for the years 1994 through 2003."*

The Defendant's initial response to this request stated that the only such agreements are identical to the one the Plaintiff executed, the only difference being the name of the employee that is inserted.  Therefore it serves no legitimate purpose to produce such documents.

## B.    DOCUMENT REQUESTS NUMBER 10 AND 11

**10.**    *"Any and all documents relating to, concerning and including any and all calculation methods used by the Defendant, Themistos & Dane, P.C., regarding calculating bonuses for the years 1994 through 2002."*

**11.**    *"All calculation documents used by the Defendant, Themistos & Dane, P.C., regarding calculating bonuses for the years 1994 through 2002."*

The Defendant has produced all such documents as they relate to the positions the Plaintiff held with the Defendant, i.e. Manager and Income Partner. The documents are not specific to the Plaintiff, as the Plaintiff is suggesting, but rather to the positions held by the Plaintiff. It serves no legitimate purpose to produce documents which relate to positions the Plaintiff never held with the Defendant.  How other positions' bonuses where determined is irrelevant to the way the Plaintiff's bonuses where calculated.

## C. DOCUMENT REQUESTS NUMBER 16, 17, 20, 21, 22, 29, 31 AND 32

**16.**    *"Any and all documents relating to, concerning and including any and all lease agreements entered into by the Defendant, Themistos & Dane, P.C., regarding real property located on 1341 Main Street, Springfield, Massachusetts 01103."*

4

The property referenced in Document Request Number 16 was the former location of the Defendant's place of business. This property ceased being the Defendant's place of business prior to the Plaintiff's employment. The terms of the lease agreement the Defendant entered into is totally irrelevant to this case.

Even if the Plaintiff's allegations are taken as true, that the real estate purchase was to the detriment of the Defendant, the Plaintiff has no standing to make such a claim. When the Plaintiff was hired by the Defendant, he was hired as an employee. Any issue as to whether the Defendant exercised bad business judgment is not relevant to any of the Plaintiff's claims.

**17.** *"Any and all documents relating to and concerning the Defendant, Themistos and Dane, P.C.s' obligation to any and all banks in regards to securing any and all Note(s) and Mortgage(s) securing any and all real property located in Springfield, Massachusetts, personal property, and/or mortgage notes."*

No such documents were in effect at any time during the Plaintiff's employment with the Defendant. To produce such documents, that where paid off or discharged prior to the Plaintiff's employment, is irrelevant to the case at hand. As such, prior business transactions of the Defendant have no bearing on any of the Plaintiff's claims.

**20.** *"Any and all documents relating to, concerning and including all accounting records or reports, including but not limited to year end accounting records of the Defendant, Themistos & Dane, P.C., for the years 1994 through 2002."*

The Plaintiff has been provided all such documents for the time period in which he was a partner in the Defendant corporation. As an employee the Plaintiff was not privy to such documents and such documents are irrelevant to this case. The Plaintiff is

5

repeatedly asserting that during his career as an employee he had an interest in the overall financial stability off the Defendant. While one cannot argue that an employee hopes that his employer's financial stability is sound so that his employment will continue, it is quite a different proposition to say that an employee has the right to inspect the financial documents of his employer.

**21.**    *"Any and all documents relating to, concerning and including all tax returns of the Defendant, Themistos & Dane, P.C., for the years 1994 through 2002."*

The Plaintiff has been provided all such documents for the time period in which he was a partner in the Defendant corporation. As an employee the Plaintiff was not privy to such documents and such documents are irrelevant to this case. The Plaintiff is repeatedly asserting that during his career as an employee he had an interest in the overall financial stability off the Defendant. While one can not argue that an employee hopes that his employer's financial stability is sound so that his employment will continue, it is quite a different proposition to say that an employee has the right to inspect the financial documents of his employer.

**22.**    *"Any and all documents relating to, concerning and including all individual tax returns of the owners of the Defendant, Themistos & Dane, P.C., for the years 1994 through 2002."*

This matter contains allegations that relate to the relationship between the Plaintiff and the Defendant. The shareholders of the Defendant are not parties to this suit and their personal finances are irrelevant to the matter at hand. In addition, such information is confidential and its release in these proceedings would serve no legitimate purpose.

**29.** *"Any and all stockholder, stock redemption, buy-in, buy-out and similar agreements relating to the defendant, Themistos & Dane, P.C., by and among stockholders and/or defendant, Themistos & Dane, P.C."*

The arrangements that other principals had with the Defendant are irrelevant to this action. At issue is the relationship between the Plaintiff and the Defendant, not the Defendant and other third parties.

**31.** *"Any and all documents and agreements relating to, concerning and including Gary Oleszewski's stock redemption and departure settlement with the defendant and stockholders of defendant, Themistos & Dane, P.C."*

The arrangements that other principals had with the Defendant are irrelevant to this action. At issue is the relationship between the Plaintiff and the Defendant, not the Defendant and other third parties.

**32.** *"All Form W-3 and all W-2's issued by Defendant, Themistos & Dane, P.C. for the years 1994 through 2002."*

The Plaintiff was been provided with such documents as they relate to him. The compensation paid by the Defendant to other employees is irrelevant. This matter concerns the relationship between the Plaintiff and the Defendant, not the Defendant and other employees.

### D.     DOCUMENT REQUEST NUMBER 24

**24.** *"Any and all copies of Defendant, Themistos & Dane, P.C.'s telephone bills from July 2002 through 2003 for all of Defendant's telephone services."*

The Plaintiff is suggesting that these records will show if the Defendant has been contacting former clients of the Plaintiff. Even if this were shown, that information would

not be relevant to any of the claims or defenses that have been raised by either party. Even taking as true the Plaintiff's allegations, this would have no effect on the enforceability of the agreement the Plaintiff executed. The Plaintiff has alleged that the Defendant harassed its clients with repeated phone calls. If that is true, the proper parties to pursue such a claim would be those clients, not the Plaintiff.

### E.    DOCUMENT REQUEST NUMBER 34

**34.**    *"Any and all documents supporting the buy-out/merger of Brian L. David's CPA practice by Defendant, Themistos & Dane, P.C."*

The Plaintiff is analogizing monies that a person would pay for the purchase of an accounting practice to the amount which an employee must pay under an agreement similar to the one the Plaintiff executed. These two scenarios are totally different and have nothing in common. The terms of the buy-out/merger of Brian L. David's CPA practice are totally irrelevant to the issues presented by this case.

### F.    DOCUMENT REQUEST NUMBER 37

**37.**    *"Listing of any and all accounts receivable of defendant, Themistos & Dane, P.C., placed with collection agents for the period 1994 through 2003."*

One account receivable was placed for collection in 1998, and the information related to this has been produced. A further account receivable was placed as of March 30, 2002, and was dismissed. Thereafter, no accounts receivable were placed for collection until after the Plaintiff left the employ of the Defendant. These collections have no bearing on the amount of the bonuses the Plaintiff was entitled to receive.

## II.    CONCLUSION

For all the foregoing reasons, it is respectfully submitted that this Court should

deny the Plaintiff's Motion to Compel the Production of Documents.

Respectfully submitted,
The Defendant,
Themistos & Dane, P.C.,
By its Attorney,

*[signature]*

PAUL H. ROTHSCHILD
BACON & WILSON, P.C.
33 State Street
Springfield, MA 01103
Ph: (413) 781-0560
Fax: (413) 739-7740
Juris #: 05693
December 19, 2003

## CERTIFICATE OF SERVICE

I, PAUL H. ROTHSCHILD, hereby certify that on December 19, 2003, I caused a

copy of the foregoing Memorandum of Law in Support of Defendant's Motion to Compel

to be served upon all interested parties by mailing a copy thereof, postage prepaid, first

class mail to:

James W. Oliver, Esq.
Berman and Sable
100 Pearl Street
Hartford, CT  06103

*[signature]*

PAUL H. ROTHSCHILD

294075

9