UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

CIVIL ACTION NO. 303CV0161-~~SRU~~ MRK    Jan 5   3 02 PM '04

U.S. DISTRICT COURT
NEW HAVEN CONN.

| | |
|---|---|
| MICHAEL R. BLEZARD,<br>　　　　　Plaintiff/Defendant in<br>　　　　　Counterclaim<br>vs.<br><br>THEMISTOS & DANE, P.C.,<br>　　　　　Defendant/Plaintiff in<br>　　　　　Counterclaim<br>AND<br><br>THEMISTOS & DANE, P.C.,<br>　　　　　Plaintiff in<br>　　　　　Counterclaim<br>vs.<br><br>PUE, LEIBOWITZ & CHICK, LLC,<br>　　　　　Defendant in<br>　　　　　Counterclaim | **DEFENDANT'S ANSWER,<br>AFFIRMATIVE DEFENSES AND<br>COUNTERCLAIMS TO THE PLAINTIFF'S<br>AMENDED COMPLAINT**<br><br><br>**December 29, 2003** |

## ANSWER

Themistos & Dane, P.C., (hereinafter referred to as the "Defendant") answers as follows to the allegations contained in the Plaintiff's Amended Complaint.

## THE PARTIES

1.    The Defendant admits the allegations contained in paragraph 1 of the Plaintiff's Amended Complaint.

2.    The Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

3.     The Defendant admits the allegations contained in paragraph 3 of the Plaintiff's Amended Complaint to the extent that the matter in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars and that the parties are citizens of different states, but denies the balance of the allegations in paragraph 3 of the Plaintiff's Amended Complaint.

4.     The Defendant admits the allegations contained in paragraph 4 of the Plaintiff's Amended Complaint to the extent that there is diversity of citizenship, but denies the balance of the allegations in paragraph 4 of the Plaintiff's Amended Complaint.

## COUNT I
## (Declaratory Judgment)

5.     The Defendant admits the allegations contained in paragraph 5 of the Plaintiff's Amended Complaint.

6.     The Defendant admits the allegations contained in paragraph 6 of the Plaintiff's Amended Complaint.

7.     The Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Amended Complaint, except for the Plaintiff's allegation that he lived in Connecticut at all times during his employment with the Defendant.

8.     The Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Amended Complaint

9.     The Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Amended Complaint, and further states that during the pre-employment

interview, the Plaintiff was informed that he would be required to sign a confidentiality and reimbursement agreement, which was being prepared at that time. The Plaintiff acknowledged familiarity with such agreements and assured the Defendant that he would have no problem signing it.

10.    The Defendant admits the allegations contained in paragraph 10 of the Plaintiff's Amended Complaint, except that the Defendant states that the Plaintiff had been informed verbally prior to being hired that he would have to sign a confidentiality and reimbursement agreement, and the Plaintiff stated he would have no problem signing such an agreement.

11.    The Defendant admits the allegations contained in paragraph 11 of the Plaintiff's Amended Complaint to the extent that the Plaintiff was required to sign the agreement attached to Plaintiff's Amended Complaint as Exhibit B, but denies the balance of the allegations in paragraph 10 of the Plaintiff's Amended Complaint.

12.    The Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Amended Complaint.

13.    The Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Amended Complaint, and further states that not only did the Plaintiff agree to sign the confidentiality and reimbursement agreement, the Plaintiff further stated that he was under a similar agreement with a former employer and negotiated changes to the Defendant's proposed agreement causing the addition of Exhibit A to the agreement.

14.    The Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Amended Complaint.

15.     The Defendant admits that the Plaintiff signed the agreement, but denies the balance of the allegations contained in paragraph 15 of the Plaintiff's Amended Complaint.

16.     The Defendant admits the allegations contained in paragraph 16 of the Plaintiff's Amended Complaint.

17.     The Defendant admits that the clause quoted in paragraph 17 of the Plaintiff's Amended Complaint is contained in the agreement, but denies the balance of the allegations contained in paragraph 17 of the Plaintiff's Amended Complaint— specifically the characterization of such clause as an "anti-competition" clause.

18.     The Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Amended Complaint.

19.     The Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Amended Complaint.

20.     The Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Amended Complaint.

21.     The Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Amended Complaint.

22.     The Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Amended Complaint.

23.     The Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Amended Complaint.

24.     The Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Amended Complaint.

25.     The Defendant admits the allegations contained in paragraph 25 of the Plaintiff's Amended Complaint.

26.     The Defendant admits that a dispute exists between the Plaintiff and the Defendant as to the enforceability of the agreement, but denies the balance of the allegations contained in paragraph 26 of the Plaintiff's Amended Complaint.

27.     The Defendant admits that the Plaintiff's position is as stated in paragraph 27 of the Plaintiff's Amended Complaint, but specifically denies the allegations contained in sub-paragraphs **a** through **f** thereof.

28.     The Defendant denies the allegations contained in paragraph 28 of the Plaintiff's Amended Complaint.

**COUNT II**
**(Breach of Employment Contract)**

1-28.   The Defendant restates and reaffirms its answers in paragraphs 1-28 of the Defendant's Answer.

29.     The Defendant admits that the Plaintiff was entitled to unused sick and vacation time up through August 31, 1999 and further states that the Plaintiff was paid all unused vacation and sick time during that time and that after August 31, 1999 the Plaintiff was no longer entitled to payment for unused sick and vacation time.

30.     The Defendant denies the allegations contained in paragraph 9 of Count II of the Plaintiff's Amended Complaint.

31.     The Defendant denies the allegations contained in paragraph 10 of Count II of the Plaintiff's Amended Complaint.

## COUNT III
## (Breach of Contract)

1-31.  The Defendant restates and reaffirms its answers in paragraphs 1-28 and paragraphs 1-31 of Count II of the Defendant's Answer.

32.    The Defendant admits the allegations contained in paragraph 32 of Count III of the Plaintiff's Amended Complaint.

33.    The Defendant admits the allegations contained in paragraph 33 of Count III of the Plaintiff's Amended Complaint.

34.    The Defendant denies the allegations contained in paragraph 35 of Count III of the Plaintiff's Amended Complaint.

35.    The Defendant denies the allegations contained in paragraph 36 of Count III of the Plaintiff's Amended Complaint.

36.    The Defendant denies the allegations contained in paragraph 37 of Count III of the Plaintiff's Amended Complaint.

## COUNT IV
## (Breach of Conn. Gen. Stat. Section 31-72. *et seq.*)

1-36.  The Defendant restates and reaffirms its answers in paragraphs 1-28, paragraphs 1-31 of Count II and paragraphs 1-36 of Count III of the Defendant's Answer.

37.    The Defendant denies the allegations contained in paragraph 38 of Count IV of the Plaintiff's Amended Complaint.

38.    The Defendant denies the allegations contained in paragraph 38 of Count IV of the Plaintiff's Amended Complaint, and further states that the Plaintiff's place of employment was in Massachusetts with a Massachusetts corporation.

WHEREFORE, the Defendant demands dismissal of this Complaint and costs of litigation.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff's Amended Complaint fails to state a claim for which relief can be granted.

### Second Affirmative Defense

Counts II, III and IV of the Plaintiff's Amended Complaint are not properly brought before this Court.

### Third Affirmative Defense

The Defendant states that the Plaintiff's action is barred because it was not commenced within the period of time specified in the applicable statute of limitations.

### Fourth Affirmative Defense

The Defendant states that the Plaintiff's damages, to the extent any damages exist, were in no way caused by the Defendant, or by anyone for whose conduct the Defendant is legally responsible.

### Fifth Affirmative Defense

The Defendant states that the Plaintiff breached the conditions and terms of the confidentiality and reimbursement agreement and therefore cannot recover against the Defendant.

### Sixth Affirmative Defense

The Plaintiff's allegations are frivolous and brought in bad faith and the Defendant is entitled to reasonable attorney's fees and other costs and expenses incurred in defending this action.

WHEREFORE, the Defendant demands dismissal of the Plaintiff's Amended Complaint and costs of litigation.

## COUNTERCLAIMS

## FACTS COMMON TO ALL COUNTS

1.    On or about May 25, 1995, the Defendant/Plaintiff in Counterclaim, Themistos & Dane, P.C. (hereinafter "Themistos"), hired the Plaintiff/Defendant in Counterclaim, Michael R. Blezard (hereinafter "Blezard"), as an accounting manager.

2.    Prior to hiring Blezard, Themistos advised him that he would have to sign a confidentiality and reimbursement agreement.

3.    On or about June 29, 1995, Themistos gave a copy of the proposed agreement to Blezard, who signed it after negotiating an amendment to the agreement which listed certain clients of Blezard who were to be exempt from the agreement.

4.    On or about July 15, 2002, Blezard voluntarily terminated his employment with Themistos in order to work at another accounting firm, Pue, Leibowitz & Chick, LLC (hereinafter "Pue"), a Connecticut limited liability corporation having a principal place of business at 76 South Frontage Road, Vernon, Connecticut (see letter of resignation dated July 15, 2002 attached hereto as Exhibit  A).

5.    After Blezard left Themistos, it became apparent that, contrary to the terms of the confidentiality and reimbursement agreement, Blezard had solicited clients of Themistos and taken certain documents from the files of Themistos' clients.

6.    Despite numerous requests, Blezard has refused to disclose the names of the clients taken from Themistos.

7.    Instead, Blezard has filed the instant action for declaratory judgment in an attempt to avoid his obligations under the agreement.

8.    On information and belief, Themistos believes that Blezard has taken as clients at least the parties listed in Exhibit B (attached hereto).

9.    Themistos' total billings for the year preceding Blezard's resignation for such clients was at least One Hundred Fifty-Seven Thousand ($157,000.00) Dollars.

**COUNT I**
**(Breach of Contract) vs. Blezard**

10.    Themistos reasserts and realleges the allegations in paragraphs 1 through 9 of its Counterclaim.

11.    Because Blezard failed to abide by the terms of the agreement negotiated with Themistos by soliciting clients and by not making payment to Themistos for clients taken, he is in breach of the agreement.

12.    As at least six months have passed since any work has been done by Themistos for the clients listed in Exhibit B, Themistos reasonably believes that at least six months have passed since those clients were taken by Blezard.

13.    Blezard is therefore obligated to Themistos for approximately Two Hundred Thirty-Five Thousand Five Hundred ($235,500.00) Dollars, representing 150% of billings for the year prior to Blezard's departure required under the terms of the agreement as reimbursement for clients taken by Blezard.

WHEREFORE, the Defendant/Plaintiff in Counterclaim, Themistos & Dane, P.C., demands damages against the Plaintiff/Defendant in Counterclaim, Michael R. Blezard, in accordance with the agreement, for all of Themistos' clients taken by Blezard, plus costs and reasonable attorney's fees.

- 9 -

## COUNT II
### (Unjust Enrichment) vs. Blezard

14.    Themistos reasserts and realleges the allegations in paragraphs 1 through 13 of its Counterclaim.

15.    Blezard has taken confidential client information and clients from Themistos and has not reimbursed Themistos for its lost business.

16.    Blezard now seeks to profit from the unauthorized use of the information and the taking of Themistos' clients by servicing them at his new accounting firm, thereby unjustly enriching himself at the expense of Themistos.

WHEREFORE, the Defendant/Plaintiff in Counterclaim, Themistos & Dane, P.C., demands damages against the Plaintiff/Defendant in Counterclaim, Michael R. Blezard, for all of Themistos' clients taken by Blezard, plus costs and reasonable attorney's fees.

## COUNT III
### (Conversion) vs. Blezard

17.    Themistos reasserts and realleges the allegations in paragraphs 1 through 16 of its Counterclaim.

18.    Blezard intentionally exercised control, ownership and dominion over the personal property of Themistos, specifically confidential client information, which seriously interfered with its right to control its personal property.

19.    On or about July 18, 2002, Themistos demanded the return of any of its personal property, the confidential client information still in Blezard's possession, which Blezard failed to do.

- 10 -

WHEREFORE, the Defendant/Plaintiff in Counterclaim, Themistos & Dane, P.C., demands damages and entry of judgment against the Plaintiff/Defendant in Counterclaim, Michael R. Blezard, for the return of all confidential client information taken by Blezard, plus costs and reasonable attorney's fees.

**COUNT IV**
**(Tortious Interference With Business Expectancies) vs. Blezard**

20.    Themistos reasserts and realleges the allegations in paragraphs 1 through 19 of its Counterclaim.

21.    As stated herein, under the confidentiality and reimbursement agreement between the parties, Blezard agreed not to solicit clients of Themistos and to reimburse Themistos for any clients taken by Blezard after his termination of employment.

22.    Despite this agreement, Blezard has:

a.    Solicited clients that he knew had business relationships with Themistos;

b.    Ignored requests by Themistos to disclose the clients taken by Blezard to his new firm; and

c.    Refused to reimburse Themistos for any of the clients taken.

23.    These actions by Blezard have interfered with the business relationships existing between Themistos and its clients.

24.    As a result of Blezard's actions, Themistos has suffered substantial monetary damages.

WHEREFORE, the Defendant/Plaintiff in Counterclaim, Themistos & Dane, P.C., demands compensatory damages against the Plaintiff/Defendant in Counterclaim,

Michael R. Blezard, for the loss of Themistos' clients as a result of Blezard's tortious interference, punitive damages, plus costs and reasonable attorney's fees.

## COUNT V
## (Breach of Fiduciary Duty) vs. Blezard

25.   Themistos reasserts and realleges the allegations in paragraphs 1 through 24 of its Counterclaim.

26.   Blezard showed reckless indifference to the rights of his former employer, Themistos by:

a.   Soliciting clients he knew had business relationships with Themistos;

b.   Taking confidential client information and clients from Themistos; and

c.   Refusing to reimburse Themistos for clients taken.

27.   As such, Blezard's conduct was a breach of his fiduciary duty to Themistos, which has resulted in a substantial loss of business to Themistos.

WHEREFORE, the Defendant/Plaintiff in Counterclaim, Themistos & Dane, P.C., demands compensatory damages against the Plaintiff/Defendant in Counterclaim, Michael R. Blezard, for the loss of Themistos' clients as a result of Blezard's tortious interference, punitive damages, plus costs and reasonable attorney's fees.

## COUNT VI
## (Violation of CUTPA § 42-110(a) of the Conn. Gen. Stat.) vs. Blezard

28.   Themistos reasserts and realleges the allegations in paragraphs 1 through 27 of its Counterclaim.

29.   Blezard engaged in conduct constituting unfair competition by:

a.    Accepting a job with another accounting firm and then soliciting Themistos' clients in violation of the confidentiality and reimbursement agreement between Blezard and Themistos, his former employer;

b.    Taking confidential client information and clients from Themistos; and

c.    Refusing to reimburse Themistos for clients taken in violation of the agreement between himself and Themistos.

30.    Blezard acted with reckless indifference to the rights of Themistos, which has resulted in substantial monetary losses to Themistos.

WHEREFORE, the Defendant/Plaintiff in Counterclaim, Themistos & Dane, P.C., demands compensatory damages against the Plaintiff/Defendant in Counterclaim, Michael R. Blezard, for the loss of Themistos' clients as a result of Blezard's tortious interference, punitive damages, plus costs and reasonable attorney's fees.

## COUNT VII
## (Unjust Enrichment) vs. Pue

31.    Themistos reasserts and realleges the allegations in paragraphs 1 through 30 of its Counterclaim.

32.    Blezard has taken confidential client information and clients from Themistos and has not reimbursed Themistos for its lost business, in accordance with the agreement.

33.    Blezard and Pue now seek to profit from the unauthorized use of the information and the taking of Themistos clients by Blezard and servicing them at his new accounting firm, Pue, and Pue is thereby unjustly enriched at the expense of Themistos.

WHEREFORE, the Plaintiff in Counterclaim, Themistos & Dane, P.C., demands damages against the Defendant in Counterclaim, Pue, Leibowitz & Chick, LLC, for all business lost by Themistos as a result of Themistos' clients taken by Blezard, plus costs and reasonable attorney's fees.

**COUNT VIII**
**(Conversion) vs. Pue**

34.     Themistos reasserts and realleges the allegations in paragraphs 1 through 33 of its Counterclaim.

35.     Blezard intentionally exercised control, ownership and dominion over the personal property of Themistos, specifically confidential client information, which seriously interfered with its right to control its personal property.

36.     On or about July 18, 2002, Themistos demanded the return of any of its personal property, the confidential client information still in Blezard's possession, which Blezard failed to do.

37.     Under the doctrine of respondeat superior, Pue is liable for the willful torts of its employee, Blezard, because they were committed within the scope of Blezard's employment at Pue and were in furtherance of Pue's business.

38.     Pue has knowingly participated and/or assisted Blezard in his conversion of Themistos' personal property.

WHEREFORE, the Plaintiff in Counterclaim, Themistos & Dane, P.C., demands damages and entry of judgment against the Defendant in Counterclaim, Pue, Leibowitz & Chick, LLC, for the return of all confidential client information taken by Blezard, plus costs and reasonable attorney's fees.

## COUNT IX
## (Tortious Interference With Business Expectancies) vs. Pue

39.    Themistos reasserts and realleges the allegations in paragraphs 1 through 38 of its Counterclaim.

40.    As stated herein, under the confidentiality and reimbursement agreement between the parties, Blezard agreed not to solicit clients of Themistos and to reimburse Themistos for any clients taken by Blezard after his termination of employment.

41.    Despite this agreement, Blezard has:

a.    Solicited clients that he knew had business relationships with Themistos;

b.    Ignored requests by Themistos to disclose the clients taken by Blezard to his new firm; and

c.    Refused to reimburse Themistos for any of the clients taken.

42.    These actions by Blezard have interfered with the business relationships existing between Themistos and its clients.

43.    As a result of Blezard's actions, Themistos has suffered substantial monetary damages.

44.    Under the doctrine of respondeat superior, Pue is liable for the willful torts of its employee, Blezard, because they were committed within the scope of Blezard's employment at Pue and were in furtherance of Pue's business.

45.    Pue was aware of the existence of the confidentiality and reimbursement agreement between Blezard and Themistos at the time it hired Blezard, and has knowingly participated and/or assisted Blezard in his violation of that agreement.

WHEREFORE, the Plaintiff in Counterclaim, Themistos & Dane, P.C., demands compensatory damages against the Defendant in Counterclaim, Pue, Leibowitz & Chick, LLC, for the loss of Themistos' clients as a result of Blezard's tortious interference, punitive damages, plus costs and reasonable attorney's fees.

### COUNT X
### (Tortious Interference With Contractual Relations) vs. Pue

46.    Themistos reasserts and realleges the allegations in paragraphs 1 through 45 of its Counterclaim.

47.    Pue was aware of the confidentiality and reimbursement agreement between Blezard and Themistos.

48.    Pue intentionally interfered with that agreement by inducing Blezard to violate the terms of that agreement by:

a.    Soliciting clients that he knew had business relationships with Themistos;

b.    Ignoring requests by Themistos to disclose the clients taken by Blezard to his new firm, Pue; and

c.    Refusing to reimburse Themistos for any of the clients taken.

49.    As a result of Pue's tortious interference with Blezard's contractual relations with Themistos, Themistos has suffered substantial monetary damages.

WHEREFORE, the Plaintiff in Counterclaim, Themistos & Dane, P.C., demands compensatory damages against the Defendant in Counterclaim, Pue, Leibowitz & Chick, LLC, for the loss of Themistos' clients as a result of its tortious interference, punitive damages, plus costs and reasonable attorney's fees.

## COUNT XI
## (Violation of CUTPA § 42-110(a) of the Conn. Gen. Stat.) vs. Pue

50.     Themistos reasserts and realleges the allegations in paragraphs 1 through 49 of its Counterclaim.

51.     Pue engaged in conduct constituting unfair competition by:

a.      Hiring Blezard from Themistos and then permitting him to solicit Themistos' clients in violation of the confidentiality and reimbursement agreement between Blezard and Themistos, his former employer;

b.      As Pue's employee, Blezard has taken confidential client information and clients from Themistos; and

c.      As Pue's employee, Blezard has refused to reimburse Themistos for clients taken in violation of the agreement between himself and Themistos.

52.     Blezard acted with reckless indifference to the rights of Themistos, which has resulted in substantial monetary damages to Themistos.

53.     Under the doctrine of respondeat superior, Pue is liable for the willful torts of its employee, Blezard, because they were committed within the scope of Blezard's employment at Pue and were in furtherance of Pue's business.

54.     Pue was aware of the existence of the confidentiality and reimbursement agreement between Blezard and Themistos at the time it hired Blezard, and has knowingly participated and/or assisted Blezard in his violation of that agreement.

WHEREFORE, the Plaintiff in Counterclaim, Themistos & Dane, P.C., demands compensatory damages against the Defendant in Counterclaim, Pue, Leibowitz & Chick, LLC, for the loss of Themistos' clients as a result of Blezard's tortious interference, punitive damages, plus costs and reasonable attorney's fees.

Respectfully submitted,
The Defendant,
Themistos & Dane, P.C.,
By Its Attorneys,

_____
PAUL H. ROTHSCHILD, ESQ. Juris #05693
MICHELLE M. BEGLEY, ESQ. Juris #409235
BACON & WILSON, P.C.
33 State Street
Springfield, MA 01103
Ph: (413) 781-0560
Fax: (413) 739-7740
December 29, 2003

Local office:
Bacon & Wilson, P.C.
334 Ella Grasso Turnpike, Suite 290
Windsor Locks, CT  06096
Ph: (860) 627-9056
Fax: (860) 654-1948

### CERTIFICATE OF SERVICE

I, PAUL H. ROTHSCHILD, hereby certify that on December 29, 2003 , I caused a copy of the foregoing Defendant's Amended Answer, Affirmative Defenses and Counterclaims to be served via first class mail upon both Plaintiff and Defending Counterclaims' Attorney:

James W. Oliver, Esq.
Berman and Sable
100 Pearl Street
Hartford CT  06103

_____
PAUL H. ROTHSCHILD

297806                          - 18 -