# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL R. BLEZARD | : | CIVIL ACTION NO.: |
| | : | 303CV0161 (MRK) |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| THEMISTOS & DANE, P.C. | : | |
| | : | |
| Defendant | : | APRIL 7, 2004 |
| | : | |

## MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANT'S MOTION TO COMPEL

Pursuant to Rules 7(a)(1) of the Local Civil Rules of the United States District Court

for the District of Connecticut ("D.Conn.L.Civ.R."), plaintiff, Michael R. Blezard ("Blezard"

or "Plaintiff") and counterclaim defendant, Pue, Leibowitz & Chick LLC ("Pue" or

"Counterclaim Defendant") herein submit this Memorandum of Law in opposition to the

"Motion to Compel Answers to Interrogatories" dated March 25, 2004 (the "Motion to

Compel"), and the "Memorandum of Law in Support of Defendants Motion to Compel

Answers to Interrogatories" dated March 26, 2004 (the "Memorandum"), both filed by the

defendant, Themistos & Dane, P.C. ("Defendant" or "Themistos").

**ORAL ARGUMENT REQUESTED**

I.    **FACTUAL BACKGROUND**

In the spring of 1995, the plaintiff, Michael R. Blezard applied for a position as an

accountant at the accounting firm of Themistos, Olszewski & Dane, P.C. which is now known

as Themistos & Dane, P.C.  On May 25, 1995, Themistos sent an offer letter ("Offer Letter"),

to Blezard offering to Blezard a position as an accounting manager.  Blezard accepted the

offer of employment as an accounting manager.

During preliminary discussions between Blezard and Themistos, it was agreed that

Blezard would devote his time and effort on Themistos' behalf in an attempt to develop

business for Themistos in Blezard's home State of Connecticut.  At all times during his

employment with Themistos, Blezard resided within the State of Connecticut.  In addition,

during said discussions, Themistos by and through its agents, employees and/or

representatives made certain representations, as statements of fact, to Blezard, including but

not limited to: that Blezard was being hired under the "partner in training program" and that

Themistos was a profitable and solvent accounting firm which followed prudent business

practices.

At no time during Blezard's job interviews with Themistos was he informed that as a

condition of his employment that he would be required to sign restrictive covenants which ran

in favor of Themistos concerning non-solicitation or non-competition.  The Offer Letter

2

issued by Themistos to Blezard failed to inform Blezard that he would subsequently be required to sign restrictive covenants concerning non-solicitation or non-competition which ran in favor of the Themistos.  On or about July 24, 1995, Blezard was required to execute an agreement ("Agreement"), which contained a series of restrictive covenants which ran in favor of Themistos.  Blezard was surprised and dismayed that he was now being required to execute the Agreement and that said Agreement had not been mentioned, referenced or otherwise disclosed during his earlier interviews with Themistos or in the Offer Letter.

Blezard did not want to execute the Agreement and only executed the Agreement after he was informed that his failure to do so would "cause serious problems for him".  Blezard reluctantly felt compelled to execute the Agreement and did so at his home in the State of Connecticut.

The Agreement contains an anti-solicitation clause which states as follows:

> "I hereby agree that for a period of twenty-four (24) months immediately following my termination of employment with the corporation for any reason, that I should neither call nor solicit, either for myself or for any other persons or firms, any of the clients of the corporation for whom I have performed services, or with whom I have become acquainted, nor shall I make known to any person or firms, either directly or indirectly, the names or addresses of any such clients or any other information relating in any manner to the Corporation's business relationship with such clients."

3

BERMAN AND SABLE LLC
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699  •  JURIS NO. 03840

In addition, the Agreement also contains an anti-competition clause which reads as follows:

> "Upon my termination of employment with the Corporation for any reason and further upon any then existing client or the office desired to become my client, I hereby agree to pay to the Corporation a sum equal to one hundred fifty (150%) percent of the previous year's gross billings for said client. The aforesaid sum is to be paid by me in two (2) equal installments, with the first such installment being due and payable six (6) month's after notice to the Corporation has been given by the undersigned and/or by the client as to desire to become my client, and the second equal installment to be paid six (6) month's thereafter. The aforesaid obligation shall be evidenced by my executing a Promissory Note in an amount equal to the aforesaid installments."

Blezard accepted the offer of employment from Themistos based upon express and implied representations made by representatives, agents and/or employees of Themistos regarding the status of the accounting firm, as well as the accounting practices of Themistos. Defendant's agents, employees and/or representatives specifically represented to Blezard that he was being hired under the "partner in training program" and that Themistos & Dane, P.C. was a profitable and solvent accounting firm which followed prudent business practices. Defendant's agents, employees, and/or representatives made these representations for the express purpose of inducing Blezard to accept the offer of employment from Themistos. In reliance upon the express representations made by Defendant's agents, employees and/or representatives, Blezard accepted the employment offer from Themistos. Initial discovery has

4

revealed that these representations were false and either known to be false at the time made, or carelessly and negligently made.

Specifically, Defendant was not following prudent business practices at the time it hired Blezard as it assumed the personal debt in the amount of $308,139.00 of the three individual shareholders; was showing a net operating loss due to the fact that the Defendant assumed the personal debt of the three individual shareholders; and was paying interest to the three individual shareholders of Defendant on their assigned accrual basis capital to Defendant, thereby reducing the draw pool from which bonuses were paid. None of the foregoing was disclosed to Blezard during any of the interviews that he had, nor was any information disclosed to Blezard after he specifically asked Defendant's agents, employees and/or representatives whether Themistos & Dane, P.C. was a profitable accounting firm that followed prudent business practices. Defendant's agents, employees and/or representatives intentionally, negligently and/or fraudulently misrepresented to Blezard the true status of the Defendant, Themistos & Dane, P.C. Subsequently, on or about July 15, 2002 Blezard terminated his employment with Themistos. Mr. Blezard left the employ of Themistos after he discovered that pursuant to the offer of equity ownership to him by Themistos & Dane that he was expected to assume and become responsible for $619,236.00 of debt, some of which was personal debt obligations which years earlier the firm had assumed.

5

A dispute has arisen between Blezard and Themistos concerning whether the Agreement is enforceable as a matter of law and/or whether the Agreement violates public policy. It is the position of Blezard that the Agreement is void and of no legal effect because it is:

    a.     void for lack of consideration;

    b.     constitutes an adhesion contract which violates public policy;

    c.     violates public policy due to its anti-competitive nature;

    d.     is overly broad and excessive in its scope because it lacks geographic limitations and because its duration is too long;

    e.     violates public policy in that it constitutes an unreasonable restraint on trade; and

    f.     was negligently and/or fraudulently induced.

Said restrictive covenants are unenforceable as they are punitive in nature and are not designed to protect the good will of Themistos.

Moreover, Themistos agreed to pay to Blezard personal, sick and vacation time earned but not used in the form of "unused total days" on an annual basis. From August 31, 1995 through July 15, 2002 Themistos has failed to pay to Blezard all personal, sick and vacation time which accrued but which he had not used. Blezard is entitled to payment for unused

6

total days in the amount of $16,977.97. Themistos has breached its agreement with Blezard in that Themistos has failed, neglected and/or refused to pay said sums which are due and owing to Blezard and as a result Blezard has been damaged.

In addition, Blezard was entitled to a bonus during his employment with Themistos. Blezard entered into an Income Principle Bonus Formula with Themistos for the fiscal years 2000 through 2002. Themistos has failed to pay all bonus sums due and owing to Blezard from the Income Principle Bonus Formula for the years 2000 through 2002. Blezard is entitled to additional bonus payments in the amount of $61,448.02 which reflects bonus sums due and owing to him. Moreover, Themistos has failed to pay commissions due and owing to Blezard. Blezard is entitled to commissions in the amount of $4,559.50 which reflects commissions due and owing to him. Themistos has breached its employment agreement with Blezard for the non-payment of bonuses and commissions, in that Themistos has failed, neglected and/or refused to pay said bonus and commission sums which were and are due to Blezard and as a result Blezard has been damaged. Themistos has failed, neglected and/or refused in bad faith and for arbitrary reasons to pay bonus and commissions amounts due to Blezard for fiscal years 2000 through 2002. As a result of the onerous, wrongful, deceptive and unlawful conduct of the Defendant with respect to the employment offer and Agreement, the Plaintiff has suffered (and continues to suffer) substantial damages.

**BERMAN AND SABLE LLC**
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699  •  JURIS NO. 03840

## II.    PROCEDURAL BACKGROUND

### A.    Relevant Pleadings

On or about May 8, 2003, Blezard and Pue were each served with the Defendant's First Set of Interrogatories. On or about May 15, 2003, both Blezard and Pue each moved for a 30-day extension up to and including July 7, 2003, to respond and/or object to Defendant's Interrogatories. Said Motions for Extension of Time were granted by the Court on May 20, 2003. On or about May 30, 2003, Blezard served his First Set of Requests for Production to Defendant.

On or about July 7, 2003, Blezard and Pue each served their responses and/or objections to Defendant's Interrogatories. On or about July 31, 2003, Defendant served its responses and objections to Blezard's Requests for Production. Thereafter, on August 27, 2003, counsel for Blezard and Pue, (Attorney James W. Oliver and Attorney José A. Aguiar), in good faith, conferred, via telephone, with counsel for the Defendant (Attorney Paul H. Rothschild), in an effort to resolve the objections filed by all parties without Court intervention.

On or about November 25, 2003, Blezard filed his Motion to Compel in regards to certain documents that were not produced by Defendant pursuant to his production requests. On or about December 19, 2003, Defendant filed its Memorandum of Law in Opposition to

8

Blezard's Motion to Compel.  On or about January 8, 2004, the honorable Mark R. Kravitz,

conducted a telephone status conference with counsel for Defendant and counsel for Blezard

and Pue.  By way of said telephone status conference, Judge Kravitz heard argument on

Blezard's Motion to Compel.  After ruling on said Motion to Compel, Judge Kravitz asked if

there were any other outstanding discovery matters and all parties said no.  Furthermore, by

way of said status conference all parties provided dates to Judge Kravitz in which they felt

were realistic for the completion of discovery, and when they felt the case will be trial ready.

Shortly thereafter, Judge Kravitz issued a Scheduling Order stating deadlines that shall govern

this case.  See a copy of said Scheduling Order attached herewith and made a part hereof as

**Exhibit A**.  In said scheduling order Judge Kravitz clearly states that: "[a]ll discovery shall be

completed, not just propounded by **March 31, 2004**[]".[1]

## III.    ARGUMENT

Under the Federal Rules, discovery is limited to matters "relevant to the claim or

defense of any party".  Fed.R.Civ.P. 26(b)(1).  Discovery shall not be, inter alia,

"unreasonably cumulative or duplicative," or unduly burdensome or unduly expensive.  See

Fed.R.Civ.P. 26(b)(2).  Further, the use of discovery as a "fishing expedition" is not

---

[1]    Scheduling Order, subsection 4.

9

permitted. Strait v. Mehlenbacher, 526 F. Supp. 581, 584 (W.D.N.Y. 1981) (internal quotation marks and citations omitted); see also Berger v. Cuomo, 230 Conn. 1, 6-7 (1994) ("Discovery is confined to facts material to the [party's] cause of action and does not afford an open invitation to delve into the [adverse party's] affairs." (citations omitted) . . . The party seeking discovery "should not be allowed to indulge a hope that a thorough ransacking of any information and material which the [adverse party] may possess would turn up evidence helpful to [the other party's] case". (internal quotation marks and citation omitted)). It is clear that the Defendant is attempting to collect a "universe of information", mindlessly, without rhyme, reason or rationale, and without thought of whether the information sought is in any way discoverable.

A.     Interrogatory No. 8 (directed to Blezard) and No. 10 (directed to Pue)

"8.     Please state whether you or any employees at Pue have provided any accounting services for any "then existing clients" under the Agreement dated July 27, 1995 since the termination of your employment with the Defendant. If so, please describe in detail and with specificity:

a)  the name of such client;
b)  all accounting services performed by you or anyone at Pue;
c)  whether you had performed any services for each such client before the termination of your employment with the Defendant;
d)  the period of time during which you or anyone else at Pue has performed accounting services for each such client;
e)  the amount of billing for accounting services rendered to each such client by you or anyone at Pue;

10

f)  the amount of payment received from each such client for accounting services by you or anyone at Pue.

10.  Please identify any former clients of the Defendant for whom Pue has performed accounting services since the commencement of the Plaintiff's employment at Pue.  For each such client, please include:

a)  the name of each such client;
b)  when each such client first became a client at Pue;
c)  specify all services rendered by Pue to each such client;
d)  identify who at Pue rendered such services;
e)  the amount of all billings for each such client since the commencement of the Plaintiff's employment at Pue;
f)  Specify all work done for each such client for which billing has not yet been made;
g)  Whether Pue performed any services for such client prior to July 15, 2002."

B.    Interrogatory No. 8, subsections b and f (directed to Blezard)

The Defendant argues that Interrogatory No. 8, subsections b and f are "certainly relevant", "have been tailored to specifically address the Defendant's claims" and "specifically seek information regarding any 'then existing clients'...".  However, the Defendant fails to mention in its Memorandum how listing "all the accounting services performed by you [Blezard] and or anyone at Pue"[2] is relevant to the Defendant's claims.

---

[2]    Interrogatory No. 8, subsection b.

11

**BERMAN AND SABLE LLC**
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699  •  JURIS NO. 03840

Moreover, the Defendant fails to mention in its Memorandum how stating "the amount of payment received from each such client for accounting services by you [Blezard] or anyone at Pue"[3] is relevant to the Defendant's claims.

In addition, pursuant to the telephone conference among all the parties, Defendant's counsel stated that the only portion of Interrogatory No. 8 that was relevant to the Defendant's claims were the names of the clients who are now with Pue who were former clients of Defendant. There is absolutely no doubt as to the irrelevancy of this information (Interrogatory No. 8, subsection b and f) for any purpose in this case other than an obscure curiosity. Therefore, this Interrogatory seeks answers that are irrelevant, not "reasonably calculated to lead to the discovery of admissible evidence" (Fed.R.Civ.P. 26(b)(1)). As such, Defendant's Motion to Compel should be denied.

C.      <u>Interrogatory No. 10, subsections c, d and f (directed to Pue)</u>

The Defendant argues that Interrogatory No. 10, subsections c, d and f are "certainly relevant" "have been tailored to specifically address the Defendant's claims" and "specifically seek information". However, the Defendant fails to mention in its Memorandum how specifying "all services rendered by Pue to each such client"[4] is relevant to the Defendant's

---

[3]      Interrogatory No. 8, subsection f.
[4]      Interrogatory No. 10, subsection c.

12

**BERMAN AND SABLE LLC**
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699   •   JURIS NO. 03840

claims. Furthermore, Defendant fails to mention how identifying "who at Pue rendered such services"[5] and specifying "all work done for each such client for which billing has not yet been made"[6] is relevant to the Defendant's claims.

In addition, pursuant to the telephone conference among all the parties, Defendant's counsel stated that the only portion of Interrogatory No. 10 that was relevant to the Defendant's claims were the names of the clients who are now with Pue who were former clients of Defendant. There is absolutely no doubt as to the irrelevancy of this information (Interrogatory No. 10, subsection c, d and f) for any purpose in this case other than an obscure curiosity. Therefore, this Interrogatory seeks answers that are irrelevant, not "reasonably calculated to lead to the discovery of admissible evidence" (Fed.R.Civ.P. 26(b)(1)). As such, Defendant's Motion to Compel should be denied.

     D.     <u>Interrogatory No. 8, subsection e (directed at Blezard) and Interrogatory No. 10, subsection e (directed at Pue)</u>

Pursuant to the telephone conference (referenced above) on August 27, 2003, among counsel for all parties, counsel for Blezard and Pue agreed to produce (and counsel for Defendant agreed to accept) redacted bills of Pue for clients of Pue who were former clients of Defendant. Counsel for Defendant stated that the only relevant portion of the bills were the

---

[5]     Interrogatory No. 10, subsection d.
[6]     Interrogatory No. 10, subsection f.

13

names of the clients. Pursuant to said discussion and agreement among the parties, said bills were produced with the dollar amounts and any other irrelevant information of the bills redacted. Counsel for Blezard and Pue and counsel for Defendant agreed that the dollar amount of Pue's bills were not relevant in this action. As agreed upon, counsel for Blezard and Pue produced redacted versions of bills of Pue for clients of Pue who were former clients of Defendant.

As previously stated, on or about November 25, 2003, Blezard filed his Motion to Compel in regards to certain documents that were not produced pursuant to his First Set of Requests for Production that were served on Defendant. Thereafter, on January 8, 2004, the honorable Judge Kravitz and counsel for all parties conducted a telephone status conference. By way of said telephone status conference, Judge Kravitz heard argument on Blezard's Motion to Compel. After ruling on said Motion to Compel, Judge Kravitz asked if there were any other outstanding discovery matters and all parties said no. Furthermore, in said status conference all parties provided dates in which they felt were realistic for the completion of discovery, and when the case will be trial ready. Shortly thereafter, Judge Kravitz issued a Scheduling Order stating deadlines that shall govern this case. In said scheduling order Judge

14

Kravitz clearly states that: "[a]ll discovery shall be completed, not just propounded by **March 31, 2004[]**".[7]

Defendant now asks this Court to consider its Motion to Compel on discovery matters (Interrogatories) that were served almost a year ago (May 8, 2003) and which appeared to have been previously resolved pursuant to a good faith conference held on August 27, 2003. Such a request undermines the discovery deadlines issued by this Court (Judge Kravitz) and prior representations of Defendant's counsel (stating that the information sought now was irrelevant on August 27, 2003).

Defendant argues that "[i]n both Mr. Blezard's and Pue, Leibowitz, and Chick, LLC answers and amended answers to interrogatories, they failed to provide information regarding the amount of billings for each of the Defendant's former clients..."[8]  However, Defendant fails to inform the Court that Defendant's counsel agreed that the amount of billings were not relevant, that Defendant's counsel had no objection to the production of redacted documents in response to said Interrogatories (since the Defendant was only seeking the names of clients of Pue who were former clients of Defendant), failed to raise the issue at said telephone status conference with the Court and failed to file its Motion to Compel within the required time

---

[7]       Scheduling Order, subsection 4.
[8]       Defendant's Memorandum, p. 4.

**BERMAN AND SABLE LLC**
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699   •   JURIS NO. 03840

frame in which to have discovery completed by March 31, 2004 (a date which has now come and gone) pursuant to the Scheduling Order issued by this Court.

Defendant further argues that this information is "certainly relevant to the present proceedings..."[9] However, Defendant's counsel did not feel that this information was relevant at the time of the conference with counsel for Blezard and Pue or relevant at the time of the status conference with Judge Kravitz. As such, the Defendant's Motion to Compel should be denied.

The Defendant cites to Blum v. Searles, No.CV990586283S, 1999 WL 669824 (Conn. Super. Aug. 11, 1999) for support that a party may recover under CUTPA for soliciting clients while still employed by a former employer. However, Blum is clearly distinguishable from the facts in our case, as Blezard did not solicit any former clients of Defendant. As a matter of fact, there is no evidence which supports the allegation that Blezard solicited any former clients of Defendant. In point of fact, Request for Production No. 26 of Blezard's First Set of Requests for Production sought "[a]ny and all documents supporting the Defendant, Themistos & Dane, P.C.'s allegations that the Plaintiff, Michael R. Blezard solicited clients of Themistos & Dane, P.C.". Defendant responded to Request for Production No. 26 with the response "None". See a copy of Defendant's objections and responses to Blezard's First Set

---

[9]        Defendant's Memorandum, p. 5.

**BERMAN AND SABLE LLC**
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699  •  JURIS NO. 03840

of Requests for Production of Documents attached hereto and made a part hereof as **Exhibit B**. Therefore, Defendant has no documentation which supports Defendant's allegation that Blezard solicited any former clients of Defendant. As such, Defendant's allegation that Blezard solicited former clients of Defendant is absolutely without foundation or basis and totally speculative.

## IV.   <u>CONCLUSION</u>

It is clear that the Defendant's Motion to Compel, which seeks such unrelated and irrelevant documents having nothing to do with the elements of damages sought by the Defendant, is designed to annoy and harass Blezard and Pue. Mere curiosity is not a basis for discovery, especially when the materials sought are private and totally irrelevant. Therefore, the Defendant's Motion to Compel should be denied. Moreover, Defendant failed to file its Motion to Compel within the required time frame in which to have discovery completed by March 31, 2004 (a date which has now come and gone) pursuant to the Scheduling Order issued by this Court (Judge Kravitz).

17

For all of the foregoing reasons, it is respectfully submitted that the Court should deny the Defendant's Motion to Compel in its entirety.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF,
MICHAEL R. BLEZARD

And

THE COUNTERCLAIM DEFENDANT,
PUE, LEIBOWITZ & CHICK, LLC


By: _____
JAMES W. OLIVER
Federal Bar No.: ct02510
JOSÉ A. AGUIAR
Federal Bar No.: ct24658
Berman and Sable
100 Pearl Street, 10th Floor
Hartford, CT 06103
Tel: (860) 527-9699
Fax: (860) 527-9077
His Attorneys

18

**<u>ORDER</u>**

The foregoing Motion to Compel, having been presented to the Court, it is hereby ordered:  GRANTED/DENIED.

BY THE COURT

_____

JUDGE/CLERK

**BERMAN AND SABLE LLC**
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699   •   JURIS NO. 03840

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing "Memorandum of Law in Opposition to Defendant's Motion to Compel" (with Exhibits) was sent, via U.S. mail, first class, postage prepaid, on this 7th day of April, 2004 to:

Paul H. Rothschild, Esq.
Michelle M. Begley, Esq.
Adam J. Basch, Esq.
Bacon & Wilson, P.C.
33 State Street
Springfield, MA 01103

JOSÉ A. AGUIAR

20

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FILED

MICHAEL R. BLEZARD,  :

      Plaintiff,  :

                    :

v.  :      Civil No. 3:03cv161 (MRK)

                    :

THEMISTOS & DANE, P.C.,  :

                    :

      Defendant.  :

## ENDORSEMENT AND SCHEDULING ORDER

The Court having conferred telephonically with the parties on January 8, 2004 in the above-captioned matter, the plaintiff's Motion to Compel [doc. #20] is hereby GRANTED in part and DENIED in part for the reasons stated on the record. Furthermore, the following schedule shall govern the case:

1)    All fact witnesses shall be deposed by **March 31, 2004**;

2)    The plaintiff's expert reports shall be served by **February 1, 2004**;

3)    The defendant's expert reports shall be served by **March 1, 2004**;

4)    All discovery shall be completed, not just propounded, by **March 31, 2004**;

5)    Dispositive motions shall be filed no later than **June 1, 2004**;

6)    The parties' Joint Trial Memorandum (instructions attached) shall be filed within thirty (30) days of the Court's ruling on dispositive motions;

7)    The case will be deemed trial ready immediately upon the filing of the Joint Trial Memorandum;

8)    A telephone status conference is scheduled for **May 18, 2004 at 2:15 P.M.** The plaintiff shall initiate the conference.

IT IS SO ORDERED.

Mark R. Kravitz, U.S.D.J.

Dated at New Haven, Connecticut: <u>January 8, 2004</u>.

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CASE NO. 303CV0161-SRU

| | |
|---|---|
| MICHAEL R. BLEZARD,<br>　　　　Plaintiff<br><br>v.<br><br>THEMISTOS & DANE, P.C.,<br>　　　　Defendant/Plaintiff in<br>　　　　Counterclaim<br>and<br><br>THEMISTOS & DANE, P.C.,<br>　　　　Plaintiff in Counterclaim<br><br>v.<br><br>PUE, LEIBOWITZ & CHICK, LLC<br>　　　　Defendant in Counterclaim | **DEFENDANT/PLAINTIFF IN<br>COUNTERCLAIM THEMISTOS &<br>DANE, P.C.'S RESPONSE TO<br>PLAINTIFF'S FIRST REQUEST FOR<br>PRODUCTION OF DOCUMENTS** |

**<u>DEFENDANT, THEMISTOS & DANE, P.C.'S OBJECTIONS AND RESPONSES TO
PLAINTIFF, MICHAEL R. BLEZARD'S  FIRST SET OF REQUESTS FOR
PRODUCTION FROM THE DEFENDANT, THEMISTOS & DANE, P.C..</u>**

**<u>OBJECTION TO "GENERAL INSTRUCTIONS" AND "DEFINITIONS"</u>**

The defendant, Themistos & Dane, P.C. ("Defendant"), objects to the "General

Instructions" and "Definitions" sections of these Requests for Production insofar as

and/or to the extent that said "General Instructions" and "Definitions" sections define, or

attempt to define, types of documents and terms not defined in Fed.R.Civ.P. 34 or

expands, or attempts to expand, definitions of terms and documents beyond those set

forth in Fed.R.Civ.P. 34.  Defendant further objects to these "General Instructions"

and/or "Definitions" insofar as and/or to the extent that said "General Instructions"

and/or "Definitions" request the disclosure and/or production of information,

documentation and/or other materials protected by the attorney-client privilege and/or

not subject to disclosure. Definition "A" regarding "document" shall be limited herein as defined in Fed.R.Civ.P. 34(a). Anything beyond the definition set forth in Fed.R.Civ.P. 34(a) would violate the attorney-client privilege and/or the work-product doctrine, would impose an undue burden upon Defendant to respond, would be vague and ambiguous, and further, would be beyond the scope of discovery permitted under Fed.R.Civ.P. 34. Plaintiff also objects to the disclosure and/or production of any information, "communication," "document" or "documents," and/or other materials between and/or among counsel and/or the Court.

## REQUESTS FOR PRODUCTION

1.    Any and all documents relating to and contained within the personnel file of the Plaintiff, Michael R. Blezard.

**Response:** All documents relating to Mr. Blezard's Personnel file will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

2.    Any and all documents relating to the offer letter dated May 25, 1995 that was sent to the Plaintiff, Michael R. Blezard from the Defendant, Themistos & Dane, P.C.

**Response:** Said documents will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

3.    Any and all documents relating to the Agreement that the Plaintiff, Michael R. Blezard signed on July 27, 1995.

**Response:**   The Defendant will produce those documents in its possession which relate to the Agreement that the Plaintiff Michael R. Blezard signed on July 27, 1995, which are not subject to attorney-client privilege.

4.     Any and all documents relating to, concerning and including any and all offer letters that were sent out to potential employees of the Defendant, Themistos & Dane, P.C., for the years 1994 through 2003.

**Response:**   Objection.  The Defendant objects to this request insofar as it seeks documents unrelated to the Plaintiff Michael R. Blezard, as such documents are not relevant and contain confidential employee information.  The Defendant further states that the information sought in this request is unduly burdensome and not intended to produce information discoverable for the present action.

5.     Any and all documents relating to, concerning and including any and all restrictive covenants such as non-compete agreements and non-solicitation agreements that the Defendant, Themistos & Dane, P.C., maintained or issued for the years 1994 through 2003.

**Response:**   Objection.  The Defendant objects to this request insofar as it seeks documents unrelated to the Plaintiff Michael R. Blezard, as such documents are not relevant and contain confidential employee information.  The Defendant further states that the information sought in this request is unduly burdensome and not intended to produce information discoverable for the present action.  Notwithstanding the above objection, the only form of non-compete agreements and non-solicitation agreements that the Defendant Themistos & Dane, P.C. maintained or issued for the years 1994 through 2003 was that which was signed by the Plaintiff and has been produced in

3

response to Request No. 1 herein, and which has been amended only to change the name of the corporation to Themistos & Dane, P.C. A copy of such document will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

6.      Any and all documents relating to employee handbooks and all employee handbooks issued or maintained by the Defendant, Themistos & Dane, P.C., for the years 1994 through 2003.

**Response:** The Themistos & Dane, P.C. employee manual, as modified from 1994 through 2002, will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

7.      Any and all documents relating to the Defendant, Themistos & Dane, P.C.'s vacation policies and plans; any and all vacation policies and plans of the Defendant, Themistos & Dane, P.C., for the years 1994 through 2003.

**Response:** This information is contained within the Themistos & Dane, P.C. employee manual which will be produced in response to Request No. 6.

8.      Any and all documents relating to actual vacation, sick, and personal time taken by the Plaintiff, Michael R. Blezard, and/or paid to Plaintiff for the years 1994 through 2002.

**Response:** The Defendant will product all documents in its possession responsive to this request at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

9.    Any and all documents relating to the Defendant, Themistos & Dane, P.C.'s bonus plans for the years 1994 through 2003; any and all bonus plans for the years 1994 through 2003.

**Response:** The Defendant will product all documents in its possession responsive to this request at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

10.    Any and all documents relating to, concerning and including any and all calculation methods used by the Defendant, Themistos & Dane, P.C., regarding calculating bonuses for the years 1994 through 2002.

**Response:** Assuming that this request seeks information relating to the Plaintiff, Michael R. Blezard, the Defendant will produce such information in its possession at the offices of Bacon & Wilson, P.C. at a time mutually convenient to all parties.

11.    All calculation documents used by the Defendant, Themistos & Dane, P.C., regarding calculating bonuses for the years 1994 through 2002.

**Response:** Assuming that this request seeks information relating to the Plaintiff, Michael R. Blezard, the Defendant will produce such information in its possession at the offices of Bacon & Wilson, P.C. at a time mutually convenient to all parties.

12.    Any and all documents relating to, concerning and including the Defendant, Themistos & Dane, P.C.'s policy concerning sick pay and reimbursement for unused sick pay.

**Response:**  All information concerning sick pay and reimbursement for unused sick pay is contained in the Themistos & Dane, P.C.'s employee manual, which will be produced in response to Request No. 6, except as relates to Themistos & Dane partners, for which no such policy exists.

13.    Any and all documents relating to, concerning and including any and all meeting notes regarding the Plaintiff, Michael R. Blezards' interview(s) with the Defendant, Themistos & Dane, P.C.

**Response:**  The information is contained within Mr. Blezards' personnel file and will be produced in response to Request No. 1.

14.    Any and all documents relating to, concerning and including any and all resolutions of the Defendant, Themistos & Dane, P.C., authorizing the owners of Themistos & Dane, P.C., to receive interest payments from Themistos & Dane, P.C., on their capital contributions to Themistos & Dane, P.C.

**Response:**  No such resolutions exist.

15.    Any and all documents relating to, concerning and including the Defendant, Themistos & Dane, P.C.'s Bylaws or Operating Agreement(s) for the years 1994 through 2003.

**Response:**  The bylaws of Themistos & Dane, P.C. will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties. The Defendant has no operating agreements.

16.    Any and all documents relating to, concerning and including any and all lease agreements entered into by the Defendant, Themistos & Dane, P.C., regarding real property located on 1341 Main Street, Springfield, Massachusetts 01103.

6

**Response:** Objection. This information relates to the Defendant's business location prior to the Plaintiff's employment; therefore, it is not relevant, it is confidential, unduly burdensome and not likely to lead to discoverable information.

17. Any and all documents relating to and concerning the Defendant, Themistos and Dane, P.C.'s obligation to any and all banks in regards to securing any and all Note(s) and Mortgage(s) securing any and all real property located in Springfield, Massachusetts, personal property, and/or mortgage notes.

**Response:** Objection. This information relates to the Defendant's business location prior to the Plaintiff's employment; therefore, it is not relevant, it is confidential, unduly burdensome and not likely to lead to discoverable information.

18. Any and all documents relating to, concerning and including any and all board of director resolutions of the Defendant, Themistos & Dane, P.C., authorizing said Defendant to assume and/or satisfy the debt obligation of Mr. Themistos, Mr. Dane, Mr. Oleszewski, TOD Realty, and/or TOD Realty Trust by the Defendant to any and all banks.

**Response:** None.

19. Any and all documents relating to, concerning and including any and all assumption and/or assignment agreements of the Defendant, Themistos & Dane, P.C., to assume and/or satisfy any and all debt obligations of Mr. Themistos, Mr. Dane, Mr. Oleszewski, TOD Realty, and/or TOD Realty Trust.

**Response:** None.

20.    Any and all documents relating to, concerning and including all accounting records or reports, including but not limited to year end accounting records of the Defendant, Themistos & Dane, P.C., for the years 1994 through 2002.

**Response:**  Objection as to all records from 1994 through 1999.    Such documents are not relevant as Mr. Blezard was only an employee and not an income partner until September 1, 1999.  However, financial statements for fiscal years August 31, 2000 through August 31, 2002 will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

21.    Any and all documents relating to, concerning and including all tax returns of the Defendant, Themistos & Dane, P.C., for the years 1994 through 2002.

**Response:**  Objection as to all records from 1994 through 1999.    Such documents are not relevant as Mr. Blezard was only an employee and not an income partner until September 1, 1999.  However, tax returns for fiscal years August 31, 2000 through August 31, 2002 will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

22.    Any and all documents relating to, concerning and including all individual tax returns of the owners of the Defendant, Themistos & Dane, P.C., for the years 1994 through 2002.

**Response:**  Objection.    The information sought is not relevant to the claim brought by the Plaintiff, is confidential, unduly burdensome and vexatious and not likely to lead to the production of discoverable information.

23.    Any and all documents relating to, concerning and including all notices sent by the Defendant, Themistos & Dane, P.C., to its clients concerning the Plaintiff, Michael

8

R. Blezard's' departure from Themistos & Dane, P.C., including but not limited to any and all memos, correspondence, e-mails, notes and telephone messages internally prepared by any and all employees calling upon Defendant's clients served by Plaintiff, subsequent to Plaintiffs departure.

**Response:**  These documents will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

24.    Any and all copies of Defendant, Themistos & Dane, P.C.'s telephone bills from July 2002 through 2003 for all of Defendant's telephone services.

**Response:**  Objection.  The information sought is not relevant to the claim brought by the Plaintiff, is confidential, unduly burdensome and vexatious and not likely to lead to the production of discoverable information.

25.    Any and all documents relating to, concerning and including any and all communications from the clients of the Defendant, Themistos & Dane, P.C., to the Defendant, Themistos & Dane, P.C., concerning or referencing the Plaintiff, Michael R. Blezards' departure from Themistos & Dane, P.C.

**Response:**  See documents produced in response to Request No. 23 hereto.

26.    Any and all documents supporting the Defendant, Themistos & Dane, P.C.'s allegations that the Plaintiff, Michael R. Blezard solicited clients of Themistos & Dane, P.C.

**Response:**  None.

27.    Any and all documents from clients of the Defendant, which support the allegation that the Plaintiff, Michael R. Blezard attempted to solicit the businesses of said clients.

9

**Response:** None.

28.     Any and all documents supporting the Defendant, Themistos & Dane, P.C.'s allegations that the Plaintiff, Michael R. Blezard stole business records or any other documents of the Defendant, Themistos & Dane, P.C.

**Response:** See documents produced in response to Request No. 23 hereto.

29.     Any and all stockholder, stock redemption, buy-in, buy-out and similar agreements relating to the defendant, Themistos & Dane, P.C., by and among stockholders and/or defendant, Themistos & Dane, P.C.

**Response:** Objection.  The information sought is not relevant to the claim brought by the Plaintiff, is confidential, unduly burdensome and vexatious and not likely to lead to the production of discoverable information.

30.     Any and all side agreements between stockholders of Defendant, Themistos & Dane, P.C., stipulating limitations on unilateral decisions each stockholder/officer can make including, but not limited to firing employees and other operating matters requiring the mutual consent of Thomas H. Themistos and Steven M. Dane.

**Response:** All such documents will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

31.     Any and all documents and agreements relating to, concerning and including Gary Oleszewski's stock redemption and departure settlement with the defendant and stockholders of defendant, Themistos & Dane, P.C.

10

**Response:** Objection. The information sought is not relevant to the claim brought by the Plaintiff, is confidential, unduly burdensome and vexatious and not likely to lead to the production of discoverable information.

32.    All Form W-3 and all W-2's issued by Defendant, Themistos & Dane, P.C. for the years 1994 through 2002.

**Response:** Objection. The information sought is not relevant to the claim brought by the Plaintiff, said information is confidential and unduly burdensome, except as to Mr. Blezard, which will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

33.    All Listing of stockholders and total shares owned by each stockholder of Defendant, Themistos & Dane, P.C., from 1994 through 2002.

**Response:** These documents will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

34.    Any and all documents supporting the buy-out/merger of Brian L. David's CPA practice by Defendant, Themistos & Dane, P.C.

**Response:** Objection. The information sought is not relevant to the claim brought by the Plaintiff because such buyout occurred prior to Plaintiff Michael R. Blezard becoming an income partner as of September 1, 1999. Therefore, said information requested is confidential, irrelevant, vexatious and unduly burdensome, and not likely to lead to discoverable information.

35.    Any and all documents supporting accounts receivable collections policies and procedures of Defendant, Themistos & Dane, P.C., for the period 1994 through 2003.

11

**Response:**  These documents will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

36.    Any and all collections documents, letters, correspondence, e-mails, memos, and VPM notes for all clients of the defendant, Themistos & Dane, P.C., enumerated in Exhibit A of defendant's answer, affirmative defenses and counterclaims dated February 13, 2003.

**Response:**  None as to Exhibit A; assuming the request refers to the list in Exhibit B, these documents will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.

37.    Listing of any and all accounts receivable of defendant, Themistos & Dane, P.C., placed with collection agents for the period 1994 through 2003.

**Response:**  One account receivable was placed for collection in 1998, and the information related thereto will be provided.  A further account receivable was placed as of March 30, 2002 and was dismissed.  Thereafter, as no accounts receivables were placed for collection until on or after September 30, 2002, the Defendant objects to the production of this information, as it is not relevant to the claim brought by the Plaintiff, is confidential and not likely to lead to the production of discoverable information.

38.    Any and all correspondence, communications, notices, contracts, documents and memoranda, signed and unsigned, evidencing services performed by Defendant, Themistos & Dane, P.C., for all clients of defendant enumerated in Exhibit A of Defendant's answer, affirmative defenses and counterclaims dated February 13, 2003, for the twenty-four month period prior to the Plaintiffs termination of employment with the defendant, including but not limited to:

    a.      Bills for services rendered by the defendant;

    b.      Collections on all bills rendered;

    c.      Credits issued and/or bad debts written off, and

    d.      Balances outstanding.

**Response:**  None for Exhibit A; assuming the request to refer to Exhibit B, documents relating to billing and payments by all customers referenced in Exhibit B for the 24-month period of time prior to the termination of the Plaintiff's employment will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.  The Defendant has a schedule containing the information sought in sections a through d of this request for the 12-month period immediately preceding the termination of the Plaintiff's employment, which will be produced.

39.    Any and all information regarding Berkshire Financial Services, LLC financial arrangement, transactions, startup costs, and amounts due and owing from defendant, Themistos & Dane, P.C., as of and for the years ended August 31, 2000, 2001 and 2002.

**Response:**  Such documents will be produced at the offices of Bacon & Wilson, P.C. at a time which is mutually convenient to all parties.  There are no documents relating to any amounts due and owing from the Defendant Themistos & Dane, P.C.

13

The Defendant,
Themistos & Dane, P.C.,
By Its Attorney,

_____

PAUL H. ROTHSCHILD, ESQ. Juris #05693
MICHELLE M. BEGLEY, ESQ. Juris #409235
BACON & WILSON, P.C.
33 State Street
Springfield, MA 01103
Ph:  (413) 781-0560
Fax:  (413) 739-7740
July 31, 2003

## CERTIFICATE OF SERVICE

I, PAUL H. ROTHSCHILD, hereby certify that on the 31st day of July 2003, I caused a copy of the foregoing Defendant/Plaintiff in Counterclaim Themistos & Dane, P.C.'s Response to Request for Production of Documents to be served upon all interested parties by mailing a copy thereof, postage prepaid, first class mail to:

James W. Oliver, Esq.
Berman and Sable
100 Pearl Street
Hartford, CT  06103

_____
PAUL H. ROTHSCHILD

271672

14